**NO. 23-4650**

In The

# United States Court Of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## SAMUEL SULLIVAN, JR.,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT**

————————

**BRIEF OF APPELLANT – REDACTED**

————————

**Michael F. Smith**
**THE SMITH APPELLATE LAW FIRM**
**7566 Main Street**
**Suite 307**
**Sykesville, MD 21784**
**(202) 454-2860**
**smith@smithpllc.com**

*Counsel for Appellant*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................ii

JURISDICTIONAL STATEMENT ........................................................ 1

STATEMENT OF ISSUES .................................................................... 2

STATEMENT OF CASE ........................................................................ 3

    I.    The offenses, the indictment and the plea agreement ........... 3

    II.   Sentencing ...................................................................... 5

SUMMARY OF ARGUMENT ................................................................ 7

STANDARD OF REVIEW .................................................................... 8

ARGUMENT ........................................................................................ 8

    I.    The district court reversibly erred by not orally pronouncing Mr. Sullivan's non-mandatory supervised-release conditions at sentencing ............................................. 8

    II.   Ineffective assistance of counsel ......................................... 13

CONCLUSION/RELIEF REQUESTED .............................................. 15

STATEMENT REGARDING ORAL ARGUMENT ............................... 15

CERTIFICATE OF COMPLIANCE...................................................... 16

CERTIFICATE OF SERVICE.............................................................. 17

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Johnson v. Zerbst,*
 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938) ...................... 11

*Ricketts v. Adamson,*
 483 U.S. 1, 97 L. Ed. 2d 1, 107 S. Ct. 2680 (1987) ......................... 11

*Strickland v. Washington,*
 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ................ 13

*United States v. Armel,*
 585 F.3d 182 (4th Cir. 2009) ............................................................. 9

*United States v. Boyd,*
 5 F.4th 550 (4th Cir. 2021) .......................................................... 9, 10

*United States v. Castellon,*
 92 F.4th 540 (4th Cir. 2024) ........................................................... 10

*United States v. Cisson,*
 33 F.4th 185(4th Cir. 2022) .............................................................. 8

*United States v. Faulls,*
 821 F.3d 502 (4th Cir. 2016) ......................................................... 13

*United States v. Kemp,*
 88 F.4th 539 (4th Cir. 2023) ........................................................... 12

*United States v. Lassiter,*
 __ F.4th __, 2024 U.S. App. LEXIS 6257,
 No. 22-4147 (4th Cir. 2024) ...................................................... 12, 13

*United States v. Lawrence,*
 248 F.3d 300 (4th Cir. 2001) ..................................................... 10, 11

*United States v. McMiller,*
 954 F.3d 670 (2020) ................................................................... 9, 10

*United States v. Palacios,*
    982 F.3d 920 (4th Cir. 2020) ......................................... 14

*United States v. Rogers,*
    961 F.3d 291 (4th Cir. 2020) .................................... *passim*

*United States v. Singletary,*
    75 F.4th 416 (4th Cir. 2023) ......................................... 13

*United States v. Singletary,*
    984 F.3d 341 (4th Cir. 2021) ....................................... 9, 12

*United States v. Taylor,*
    54 F.4th 795 (4th Cir. 2022) ......................................... 13

## Statutes

18 U.S.C. § 924(c) ........................................................ 4

18 U.S.C. § 1951(a) ....................................................... 3

18 U.S.C. § 2113 .......................................................... 1

18 U.S.C. § 2113(a) ....................................................... 3

18 U.S.C. § 3231 .......................................................... 1

████████████████████████████████████████████

18 U.S.C. § 3583(d) ............................................. 7, 8, 9, 10

18 U.S.C. § 3742(a) ....................................................... 1

28 U.S.C. § 1291(a) ....................................................... 1

## United States Sentencing Guidelines

████████████████████████████████████████████

## Rules

Fed. R. Crim. P. 43(c)(1)(B) ........................................... 10

# JURISDICTIONAL STATEMENT

The district court had jurisdiction over this proceeding under 18 U.S.C. § 3231 and 18 U.S.C. § 2113, and entered final judgment on September 22, 2023. JA40.[1] Mr. Sullivan filed his notice of appeal on October 3, 2023. JA11. This Court has jurisdiction under 28 U.S.C. § 1291(a) and 18 U.S.C. § 3742(a).

---

[1] Citations in this brief to "JA__" are to pages of the Joint Appendix.

## <u>STATEMENT OF ISSUES</u>

I.    Did the district court reversibly err in not orally announcing to Mr. Sullivan the non-mandatory conditions of supervised release that its written Judgment imposed?

II.    Does the record on its face support a finding that trial counsel was constitutionally ineffective for agreeing to dispense with oral pronouncement of the non-mandatory conditions?

## STATEMENT OF CASE

**I.    The offenses, the indictment and the plea agreement.**

Between April and June 2021, Defendant-Appellant Samuel
Sullivan, Jr. robbed and attempted to rob two banks, two check-cashing
stores and a gas station in the Maryland suburbs of Washington, D.C.,
robbing one of the banks twice. JA35. In each instance he brandished or
implied having a firearm, and in the gas-station robbery he struck one
employee on the head with a handgun, inflicting a large laceration, and
shot another worker in the leg. JA35-36. Mr. Sullivan, who has a
significant and longstanding substance-abuse problem, had been
released only two months earlier after having served 10 years for a
previous bank robbery, and was on supervised release from that offense.
JA110, JA211.

On November 18, 2021, an indictment was returned charging
Mr. Sullivan with three counts of Bank Robbery, contrary to 18 U.S.C.
§ 2113(a), one count of Interference with Interstate Commerce by
Robbery, contrary to 18 U.S.C. § 1951(a), two counts of Attempted
Interference with Interstate Commerce by Robbery, contrary to 18
U.S.C. § 1951(a), and one count of Use, Carry, and Brandish a

Firearm in Relation to a Crime of violence, contrary to 18 U.S.C.

§ 924(c). JA13.

Mr. Sullivan and the government entered into a plea agreement

on March 17, 2023 under which he agreed to plead guilty to Count One

(bank robbery), Counts Four and Six (interference or attempted with

interstate commerce by robbery) and Count Five (use, carry and

brandishing a firearm during a crime of violence). JA22. He also agreed

to plead guilty to a violation of supervised release stemming from the

2010 bank robbery. JA23. The agreement contained a waiver of certain

appeal rights, JA30-31, and Mr. Sullivan agreed to forfeiture and

restitution of the $27,546 he obtained in the robberies. JA31-32; JA37.

The government agreed to dismiss the remaining counts.

The parties agreed to a total adjusted offense level of 34. JA28.

The government did not oppose a 2-level reduction for Mr. Sullivan's

prompt acceptance of responsibility, and agreed to move for an

additional 1-level decrease for his timely notification of his intent to

plead guilty. JA28-29. The parties further agreed that because of

Mr. Sullivan's prior conviction under 18 U.S.C. § 924(c), Count Five

carried a carried a minimum 25-year consecutive sentence. JA29.

4



On March 30, 2023, Mr. Sullivan appeared before the district court, Hon. Theodore D. Chuang, and entered his guilty plea in accordance with the plea agreement. JA48.

## II.   Sentencing

Mr. Sullivan appeared for sentencing on September 20, 2023. The parties agreed with the PSR's calculation for counts One, Four and Six of a total offense level of 31 and a criminal history category of III, producing a Guidelines range of 135 to 168 months on those charges, plus the mandatory 25-year minimum on Count Five. JA119, JA179.



the government urged a 35-year sentence, citing the need to protect the public. JA207, JA147, JA171. Mr. Sullivan argued for 17 years. JA210, JA128. The court noted the serious nature of the offenses, and Mr. Sullivan's "outrageous and unacceptable conduct," and imposed a 168-month sentence on Counts One, Four, and Six, to be followed by three years of supervised release, and 84 months to run consecutive, plus five years of supervised release, on Count Five. JA216-220. The court also imposed a 36-month consecutive sentence for the

violation of supervised release. JA217. The total prison term was thus

288 months, or 24 years, followed by five years' supervised release.

JA219-220.

The district court did not enunciate to Mr. Sullivan any of the

conditions of supervised release, including the non-mandatory ones:

> THE COURT:     ….In addition to the standard and statutory
> conditions of supervised release, I will impose – which, first
> off, [defense counsel], is there any reason why I need to
> recite all the terms of supervised release, the standard and
> statutory ones?
>
> [DEFENSE COUNSEL]:     No, Your Honor. [JA220].

The court entered its written Judgment September 22, 2023.

JA40. In addition to the imprisonment and supervised-release

sentences noted above, the written Judgment imposed 21 conditions of

supervised release – three mandatory ones, and 18 non-mandatory ones

(13 "standard" and five "additional" conditions). JA43-44.

## SUMMARY OF ARGUMENT

This Court's jurisprudence requires that supervised-release

conditions other than those deemed "mandatory" under 18 U.S.C.

§ 3583(d) must be orally pronounced at sentencing, and not merely

included in the written Judgment. *United States v. Rogers*, 961 F.3d

291, 296-298 (4th Cir. 2020). The district court failed to do so, and counsel by allowing the court to skip them was constitutionally ineffective. Mr. Sullivan's sentence should be vacated and remanded for resentencing.

## STANDARD OF REVIEW

This Court reviews *de novo* the consistency of the oral sentencing and the written judgment. *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020); *United States v. Cisson*, 33 F.4th 185, 192-193 (4th Cir. 2022).

## ARGUMENT

**I. The district court reversibly erred by not orally pronouncing Mr. Sullivan's non-mandatory supervised-release conditions at sentencing.**

Supervised-release conditions other than those deemed "mandatory" under § 3583(d) must be orally pronounced at sentencing and not merely included in the written Judgment. *United States v. Rogers*, 961 F.3d 291, 296-298 (4th Cir. 2020). This both comports with a defendant's right to be "present" for sentencing, *Id.* at 296, and allows this Court to ensure the conditions resulted from the lower court's "individualized assessment of the defendant and the statutory factors,"

and "are reasonably related" to those factors. *Id*. at 297 (citations omitted). A *Rogers* issue is outside the scope of an appeal waiver. *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021).

At sentencing, Mr. Sullivan's counsel agreed with the district court that it was not necessary for the court to read any of the conditions of supervised release, including the non-mandatory ones. JA220. In its Judgment, the district court then imposed 21 conditions of supervised release – three mandatory ones, and 18 non-mandatory ones (13 "standard" and five "additional" conditions). JA43-44.

To be sure, the mandatory conditions of supervised release set forth in § 3583(d) "are valid component's of [Sullivan's] sentence, even though they were not orally announced at his sentencing." *Rogers*, 261 F.3d at 297. But "[d]iscretionary conditions are different." *Id*. "District courts have 'broad latitude' to impose discretionary conditions of supervised release." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021), quoting *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009). "But when they do, they have a duty to explain why." *Id*, quoting *United States v. McMiller*, 954 F.3d 670, 676 (2020). The court's conditions must 1) be "reasonably related" to the goals of deterrence,

public protection, and rehabilitation; 2) affect "no greater deprivation of liberty than is reasonably necessary" to achieve those goals; and 3) be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Boyd*, 5 F.4th at 557, citing 18 U.S.C. § 3583(d). And "[u]nless a court adequately explains its reasons for imposing certain conditions, [this Court] can't judge whether the § 3583(d) factors have been met. *Id.*, citing *McMiller*, 954 F.3d at 676.

Nor does it matter that defense counsel approved the district court's action in not orally announcing the non-mandatory conditions. Mr. Sullivan's research has not discovered any ruling of this Court finding a *Rogers* issue waived because counsel agreed to the error. To be sure, "[this Court's] precedent suggests that a noncapital criminal defendant can waive his right to be present at sentencing under Federal Rule of Criminal Procedure 43(c)(1)(B) if he does so knowingly and intelligently." *United States v. Castellon*, 92 F.4th 540, 542, citing *United States v. Lawrence*, 248 F.3d 300, 304-305 (4th Cir. 2001); *see also* Fed. R. Crim. P. 43(c)(1)(B) (noncapital defendant who pleaded guilty waives the right to continue presence "when the defendant is voluntarily absent during sentencing"). But "[v]oluntariness is knowing

10

and understanding the waiver." *Lawrence*, 248 F.3d at 304, citing *Ricketts v. Adamson*, 483 U.S. 1, 8-11, 97 L. Ed. 2d 1, 107 S. Ct. 2680 (1987). And a "knowing and intelligent waiver [is] required for voluntariness." *Id*, 248 F.3d at 304-305, citing *Johnson v. Zerbst*, 304 U.S. 458, 464-465, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938). Under *Rogers*, the court's failure to orally pronounce supervised-release conditions equates with the defendant's effective absence from the sentencing. Even assuming, then, that cases discussing the waiver of presence at sentencing apply here – which Mr. Sullivan does not concede – the issue under them is whether Mr. Sullivan effectively waived his "presence" for that part of the sentencing. The record contains no evidence that he did.

In its Rule 11 colloquy, the district court thoroughly and personally discussed with Mr. Sullivan his decision to waive the presumption of innocence, his right to a jury trial, to confront witnesses, to testify or not testify, to subpoena and present witnesses, and the right to appeal. JA59-63. Indeed, after Mr. Sullivan expressed some confusion about waiving those rights, he was allowed to confer with counsel and later expressed his understanding he was waiving them.

JA62-63. The court also made clear that Mr. Sullivan understood his sentence could be outside the Guidelines range, yet he would not be allowed to withdraw his plea, JA74-76, and that he was waiving his right to appeal. JA74-76.

Likewise, the court at the plea hearing inquired specifically of Mr. Sullivan whether he understood the similar rights he was waiving in pleading guilty to a supervised-release violation – again allowing him to consult with counsel to clear up evident confusion. JA64-67. Yet at the sentencing, the court did not inquire of Mr. Sullivan whether he understood the three mandatory and 18 non-mandatory conditions ultimately set forth in the Judgment. Instead, the court simply asked counsel if there was any need to recite all the terms of supervised release, and counsel said there wasn't. JA220.

This Court's precedents "are clear: When a *Rogers* error occurs, [the Court] must vacate the entire sentence and remand for a full resentencing." *United States v. Lassiter*, __ F.4th __, __, 2024 U.S. App. LEXIS 6257, No. 22-4147 (4th Cir. 2024) (footnote omitted), citing *Rogers*, 961 F.3d at 300-301, *Singletary*, 984 F.3d at 346 n.4 and *United States v. Kemp*, 88 F.4th 539, 547 (4th Cir. 2023). Though the defendant

at his option may request a more limited resentencing, on supervised release only, *Lassiter* at n.5, citing *United States v. Singletary*, 75 F.4th 416, 427 n.7 (4th Cir. 2023) ("*Singletary II*"), Mr. Sullivan wishes to request a full resentencing.

## II.    Ineffective assistance of counsel.

To succeed on an ineffective-assistance claim, defendant must show that trial counsel's performance was constitutionally deficient and prejudiced his defense. *United States v. Taylor*, 54 F.4th 795, 803 (4th Cir. 2022), citing *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This Court will address an ineffective-assistance claim on direct appeal only when an attorney's ineffectiveness conclusively appears on the face of the record. *United States v. Faulls*, 821 F.3d 502, 507-508 (4th Cir. 2016) (citation omitted).

Trial counsel's performance was not constitutionally deficient for the vast majority of his representation. ██████████████████

███████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

Nonetheless, by the time of sentencing *Rogers* had been the law of this Circuit more than three years, and counsel should have known that foregoing the reading of all non-mandatory supervised-release conditions was tantamount to Mr. Sullivan being sentenced *in absentia* as to supervised release.

"While counsel need not predict every new development in the law, they are obliged to make arguments that are sufficiently foreshadowed in existing case law." *United States v. Palacios*, 982 F.3d 920, 924 (4th Cir. 2020) (cleaned up, citation omitted). As of the sentencing date this issue was not merely foreshadowed, but actually in existence. Counsel's agreeing with the district court to skip the reading of the non-mandatory supervised-release provisions was constitutionally deficient and prejudiced Mr. Sullivan by allowing that portion of his sentence to be imposed effectively without him present.

## CONCLUSION/RELIEF REQUESTED

For the foregoing reasons, Mr. Sullivan requests that the Court vacate his sentence and remand for resentencing.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 34(a), counsel states that oral argument is not necessary because the dispositive issue has been authoritatively decided. Fed. R. App. P. 34(a)(2)(B).

Respectfully submitted,

THE SMITH APPELLATE LAW FIRM
By: /s/ Michael F. Smith
      Michael F. Smith
7566 Main Street, Suite 307
Sykesville, MD  21784
(202) 454-2860
(202) 747-5630 Fax
smith@smithpllc.com
**Counsel for defendant-appellant**
**Samuel Sullivan, Jr.**

Date:  April 29, 2024

## **CERTIFICATE OF COMPLIANCE**

In keeping with FED. R. APP. P. 32(g), I certify that:

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts exempted by FED. R. APP. P. 32(f), it contains <u>2,388 words</u>, including footnotes, and

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in <u>14-point Century Schoolbook</u>.


                                        /s/ Michael F. Smith
                                        Michael F. Smith

Dated: April 29, 2024

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on April 29, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system.

I further certify that on this day, I caused to be served in paper, one copy of this Brief of Appellees – Under Seal to Counsel of Record via UPS, Ground Transportation

Respectfully submitted,

THE SMITH APPELLATE LAW FIRM
By: /s/ Michael F. Smith
    Michael F. Smith
7566 Main Street
Suite 307
Sykesville, MD  21784
(202) 454-2860
(202) 747-5630 Fax
smith@smithpllc.com
**Counsel for defendant-appellant**
**Samuel Sullivan, Jr.**