**NO. 23-4650**

In The

# United States Court Of Appeals

## For The Fourth Circuit

# UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# SAMUEL SULLIVAN, JR.,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT**

_____

**JOINT APPENDIX
Volume I of II
(Pages: 1 – 47)**

_____

| | |
|---|---|
| **Michael F. Smith** | **Jason D. Medinger** |
| THE SMITH APPELLATE LAW FIRM | OFFICE OF THE |
| **7566 Main Street** |   UNITED STATES ATTORNEY |
| **Suite 307** | **36 South Charles Street** |
| **Sykesville, MD 21784** | **4th Floor** |
| **(202) 454-2860** | **Baltimore, MD 21201** |
| **smith@smithpllc.com** | **(410) 209-4974** |
| | **jason.medinger@usdoj.gov** |

*Counsel for Appellant*                 *Counsel for Appellee*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

## <u>TABLE OF CONTENTS</u>
## Appendix – Volume I of II

Page:

District Court Docket Sheet [8:21-cr-00460-TDC-1]....................................JA1

Indictment
       filed November 18, 2021 [DE18] ...........................................................JA13

Plea Agreement,
With Attachment,
       filed March 30, 2023 [DE64]...............................................................JA22

       <u>Attachment</u>:

       1.      Attachment Stipulation of Facts [DE64-1] .............................JA35

Preliminary Order of Forfeiture
       filed September 22, 2023 [DE90].........................................................JA37

Judgment in a Criminal Case
       filed September 22, 2023 [DE91].........................................................JA40

Transmission of Notice of Appeal
       filed October 17, 2023 [DE94].............................................................JA47

## <u>TABLE OF CONTENTS</u>
### Appendix – Volume II of II – Under Seal

Page:

Transcript of Rearraignment Hearing
Before the Honorable Theodore D. Chuang
    on March 30, 2023 [DE63] ....................................................JA48

Supplement to Plea Agreement
    filed March 30, 2023 [DE65].................................................JA93

Presentence Investigation Report
    filed June 1, 2023 [DE70] ....................................................JA98

Defendant's Sentencing Memorandum
    filed September 13, 2023 [DE78]........................................JA128

Government's Sentencing Memorandum,
With Exhibits,
    filed September 14, 2023 [DE80]........................................JA147

    <u>Exhibits</u>:

    1.    Victim Impact Statement, N. Basra [DE80-1] ......................JA161

    2.    Victim Impact Statement, C. Salgado-Cruz [DE80-2]........JA167

Government's Supplement to Sentencing Memorandum
Translated Victim Impact Statement
    filed September 18, 2023 [DE83]........................................JA171

Restitution Schedule
    filed September 20, 2023 [DE88]........................................JA175

Transcript of Sentencing Hearing
Before the Honorable Theodore D. Chuang
      on September 20, 2023 [DE89] ..........................................................JA176

Defendant's Letter to District Court
      filed October 3, 2023 [DE93].............................................................JA226

**Query    Reports    Utilities    Help    Log Out**

CLOSED,MAG-AAQ

# U.S. District Court
## District of Maryland (Greenbelt)
## CRIMINAL DOCKET FOR CASE #: 8:21-cr-00460-TDC-1

Case title: USA v. Sullivan

Date Filed: 11/18/2021

Date Terminated: 09/22/2023

Assigned to: Judge Theodore D. Chuang

**Defendant (1)**

**Samuel Sullivan, Jr.**
*TERMINATED: 09/22/2023*

represented by **Douglas Ryan Miller**
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
301-344-0600
Fax: 301-344-0019
Email: Douglas_Miller@fd.org
*TERMINATED: 06/30/2022*
*LEAD ATTORNEY*
*Designation: Retained*

**Elizabeth Lopez**
Office Of The Federal Public Defender For
The District Of Ma
100 S. Charles Street Tower 11 9th Floor
Baltimore, MD 21201
4109623962
Fax: 4109623976
Email: elizabeth_lopez@fd.org
*TERMINATED: 06/30/2022*
*LEAD ATTORNEY*
*Designation: Retained*

**Michael Edward Lawlor**
Brennan, McKenna & Lawlor, Chartered
6305 Ivy Ln Ste 700
Greenbelt, MD 20770
13014740044
Fax: 13014745730
Email: mlawlor@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Adam Christopher Demetriou**

JA1

District of Maryland (CM/ECF Live NextGen 1.7.1.1)

Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Greenbelt, MD 20770
301-474-0044
Email: ademetriou@brennanmckenna.com
*ATTORNEY TO BE NOTICED*

| Pending Counts | Disposition |
| --- | --- |
| 18:2113(a) BANK ROBBERY (1) | IMPRISONMENT for a term of 168 months on each counts 1, 4 and 6 to run concurrently with each other and a term of 84 months on count 5, to run consecutively to the terms on counts 1, 4 and 6 of the indictment, for a total term of 252 months; SUPERVISED RELEASE for a term of 3 years on each of counts 1, 4 and 6 , and 5 years on count 5, to run concurrently with each other, for a term of 5 years; ASSESSMENT $400.00; RESTITUTION $30,894.00 |
| 18:1951(a) INTERFERENCE WITH INTERSTATE COMMERCE BY ROBBERY (4) | IMPRISONMENT for a term of 168 months on each counts 1, 4 and 6 to run concurrently with each other and a term of 84 months on count 5, to run consecutively to the terms on counts 1, 4 and 6 of the indictment, for a total term of 252 months; SUPERVISED RELEASE for a term of 3 years on each of counts 1, 4 and 6 , and 5 years on count 5, to run concurrently with each other, for a term of 5 years; ASSESSMENT $400.00; RESTITUTION $30,894.00 |
| 18:924(c)(1)(A)(ii) and (c)(1)(C)(i) USE, CARRY, AND BRANDISH A FIREARM AND IN RELATION TO A CRIME OF VIOLENCE (5) | IMPRISONMENT for a term of 168 months on each counts 1, 4 and 6 to run concurrently with each other and a term of 84 months on count 5, to run consecutively to the terms on counts 1, 4 and 6 of the indictment, for a total term of 252 months; SUPERVISED RELEASE for a term of 3 years on each of counts 1, 4 and 6 , and 5 years on count 5, to run concurrently with each other, for a term of 5 years; ASSESSMENT $400.00; RESTITUTION $30,894.00 |
| 18:1951(a) ATTEMPTED INTERFERENCE WITH INTERSTATE COMMERCE BY ROBBERY (6) | IMPRISONMENT for a term of 168 months on each counts 1, 4 and 6 to run concurrently with each other and a term of 84 months on count 5, to run consecutively to the terms on counts 1, 4 and 6 of the indictment, for a total term of 252 months; SUPERVISED RELEASE for a term of 3 years on each of counts 1, 4 and 6 , and 5 |

JA2

4/11/24, 2:26 PM                    District of Maryland (CM/ECF Live NextGen 1.7.1.1)

years on count 5, to run concurrently with
each other, for a term of 5 years;
ASSESSMENT $400.00; RESTITUTION
$30,894.00

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:2113(a) BANK ROBBERY (2-3) | DISMISSED |
| 18:1951(a) ATTEMPTED INTERFERENCE WITH INTERSTATE COMMERCE BY ROBBERY (7) | DISMISSED |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**USA**                        represented by   **Gary Michael Morgan , Jr.**
                                                US Attorney's Office
                                                6406 Ivy Lane Ste. 800
                                                Greenbelt, MD 20770
                                                3013440106
                                                Fax: 3013444516
                                                Email: Michael.Morgan5@usdoj.gov
                                                *TERMINATED: 12/01/2023*
                                                *LEAD ATTORNEY*
                                                *Designation: Assistant US Attorney*

                                                **Jared Engelking**
                                                United State's Attorney's Office District of
                                                Maryl
                                                6406 Ivy Lane Ste 800
                                                Greenbelt, MD 20770
                                                3013444434
                                                Email: jared.engelking@usdoj.gov
                                                *TERMINATED: 04/17/2023*
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
| --- | --- | --- |

JA3

| 11/18/2021 | 1 | INDICTMENT as to Samuel Sullivan, Jr (1) count(s) 1-3, 4, 5, 6-7. (ybs, Deputy Clerk) (Entered: 11/19/2021) |
|---|---|---|
| 12/01/2021 | 4 | Initial Appearance (Defendant informed of Rights) and Arraignment Hearing as to Samuel Sullivan Jr. (1) held on 12/1/2021; Plea entered of NOT GUILTY as to counts 1-3,4,5,6-7 of the Indictment before Magistrate Judge Timothy J. Sullivan.(FTR - Diaz 3B) (mtds, Deputy Clerk) (Entered: 12/01/2021) |
| 12/01/2021 | 5 | CJA 23 Financial Affidavit by Samuel Sullivan, Jr. (mtds, Deputy Clerk) (Entered: 12/01/2021) |
| 12/01/2021 | 6 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Samuel Sullivan, Jr Signed by Magistrate Judge Timothy J. Sullivan on 12/1/2021. (mtds, Deputy Clerk) (Entered: 12/01/2021) |
| 12/01/2021 | 7 | ORDER pursuant to Fed R Crim P 5(f) and the Due Process Protections Act as to Samuel Sullivan, Jr. Signed by Magistrate Judge Timothy J. Sullivan on 12/1/2021. (mtds, Deputy Clerk) (Entered: 12/01/2021) |
| 12/01/2021 | 8 | ORDER OF TEMPORARY DETENTION as to Samuel Sullivan, Jr. Signed by Magistrate Judge Timothy J. Sullivan on 12/1/2021 - (copy emailed to USMS - 12/01/2021) (mtds, Deputy Clerk) (Entered: 12/01/2021) |
| 12/02/2021 | 9 | SCHEDULING ORDER as to Samuel Sullivan, Jr. Signed by Judge Theodore D. Chuang on 12/2/2021. (ybs, Deputy Clerk) (Entered: 12/02/2021) |
| 12/02/2021 | 10 | PAPERLESS NOTICE. An INITIAL STATUS CONFERENCE is scheduled for January 5, 2022 at 9:00 a.m. To join the call at the scheduled time: (1) Dial 1-888-557-8511. (2) Enter access code 3008173, followed by the # key. You will then be placed on hold until Chambers dials into the call, at which point you will be prompted to enter a security code. (3) When prompted, enter security code 01050900 followed by the # key. The call will be recorded, so please do not use speakerphones as they compromise sound quality. Also, we ask that parties not remain on the conference line after the Judge has left the call, to ensure that the line is free for other calls that may be on the Judge's calendar. (ds2s, Deputy Clerk) (Entered: 12/02/2021) |
| 12/02/2021 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Samuel Sullivan, Jr. *VIRTUAL PROCEEDING* PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 12/2/2021. An interpreter will not be needed. Detention Hearing set for 12/6/2021 10:30 AM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Magistrate Judge Timothy J. Sullivan.(Morgan, Gary) (Entered: 12/02/2021) |
| 12/03/2021 | 11 | MOTION Detention by USA as to Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Engelking, Jared) (Entered: 12/03/2021) |
| 12/05/2021 | 12 | Correspondence re: Letters Submitted on Behalf of Mr. Sullivan (Attachments: # 1 Exhibit 1 - Collected Letters)(Miller, Douglas) (Entered: 12/05/2021) |
| 12/06/2021 | 13 | Detention Hearing as to Samuel Sullivan, Jr. held on 12/6/2021 before Magistrate Judge Timothy J. Sullivan. (FTR - Diaz 3B) (mtds, Deputy Clerk) (Entered: 12/06/2021) |
| 12/06/2021 | 14 | NOTICE OF ATTORNEY APPEARANCE: Douglas Ryan Miller as Public Defender appearing for Samuel Sullivan, Jr(Miller, Douglas) (Entered: 12/06/2021) |
| 12/06/2021 | 15 | ORDER OF DETENTION as to Samuel Sullivan, Jr. Signed by Magistrate Judge Timothy J. Sullivan on 12/6/2021 - (copy emailed to USMS - 12/6/2021) (mtds, Deputy Clerk) (Entered: 12/06/2021) |

JA4

| | | |
|---|---|---|
| 12/07/2021 | 16 | Arrest Warrant Returned Executed on 12/1/2021 in case as to Samuel Sullivan, Jr(ybs, Deputy Clerk) (Entered: 12/07/2021) |
| 12/22/2021 | 17 | NOTICE OF ATTORNEY APPEARANCE: Elizabeth Lopez as Public Defender appearing for Samuel Sullivan, Jr(Lopez, Elizabeth) (Entered: 12/22/2021) |
| 12/29/2021 | 18 | Joint MOTION for Extension of Time to File *Pretrial Motions*, Joint MOTION to Exclude *Time Under Speedy Trial Act* by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Miller, Douglas) (Entered: 12/29/2021) |
| 12/29/2021 | 19 | STATUS REPORT *(Joint Status Report in Lieu of Teleconference)* by Samuel Sullivan, Jr (Miller, Douglas) (Entered: 12/29/2021) |
| 12/29/2021 | 20 | ORDER granting 18 Joint Motion to Extend Time for Filing Pretrial Motions and to Exclude Time Under the Speedy Trial Act as to Samuel Sullivan Jr. Signed by Judge Theodore D. Chuang on 12/29/2021. (jf3s, Deputy Clerk) (Entered: 12/29/2021) |
| 01/03/2022 | 21 | PAPERLESS NOTICE. An INITIAL STATUS CONFERENCE is RESCHEDULED from January 5, 2022 to February 4, 2022 at 2:00 p.m. To join the call at the scheduled time: (1) Dial 1-888-557-8511. (2) Enter access code 3008173, followed by the # key. You will then be placed on hold until Chambers dials into the call, at which point you will be prompted to enter a security code. (3) When prompted, enter security code 02040200 followed by the # key. The call will be recorded, so please do not use speakerphones as they compromise sound quality. Also, we ask that parties not remain on the conference line after the Judge has left the call, to ensure that the line is free for other calls that may be on the Judge's calendar. (ds2s, Deputy Clerk) (Entered: 01/03/2022) |
| 01/19/2022 | 22 | PAPERLESS NOTICE. The INITIAL STATUS CONFERENCE is RESCHEDULED for March 7, 2022 at 2:00 p.m. To join the call at the scheduled time: (1) Dial 1-888-557-8511. (2) Enter access code 3008173, followed by the # key. You will then be placed on hold until Chambers dials into the call, at which point you will be prompted to enter a security code. (3) When prompted, enter security code 03070200 followed by the # key. The call will be recorded, so please do not use speakerphones as they compromise sound quality. Also, we ask that parties not remain on the conference line after the Judge has left the call, to ensure that the line is free for other calls that may be on the Judge's calendar. (ds2s, Deputy Clerk) (Entered: 01/19/2022) |
| 02/23/2022 | 23 | Joint MOTION for Extension of Time to File *Pretrial Motions and to Exclude Time Under the Speedy Trial Act* by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lopez, Elizabeth) (Entered: 02/23/2022) |
| 02/25/2022 | 24 | ORDER granting 23 Joint MOTION for Extension of Time to File Pretrial Motions and to Exclude Time Under the Speedy Trial Act as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 2/24/2022. (ybs, Deputy Clerk) (Entered: 02/25/2022) |
| 03/07/2022 | 25 | Status Conference as to Samuel Sullivan, Jr held on 3/7/2022 before Judge Theodore D. Chuang.(Court Reporter: FTR Recording\2B) (ds2s, Deputy Clerk) (Entered: 03/07/2022) |
| 03/07/2022 | 26 | PAPERLESS NOTICE. A TELEPHONE STATUS CONFERENCE is scheduled for May 6, 2022 at 3:30 p.m. To join the call at the scheduled time: (1) Dial 1-888-557-8511. (2) Enter access code 3008173, followed by the # key. You will then be placed on hold until Chambers dials into the call, at which point you will be prompted to enter a security code. (3) When prompted, enter security code 05060330 followed by the # key. The call will be recorded, so please do not use speakerphones as they compromise sound quality. Also, we ask that parties not remain on the conference line after the Judge has left the call, to ensure that the line is free for other calls that may be on the Judge's calendar. (ds2s, Deputy Clerk) (Entered: 03/07/2022) |

JA5

| 05/06/2022 | 27 | Status Conference as to Samuel Sullivan, Jr held on 5/6/2022 before Judge Theodore D. Chuang.(Court Reporter: FTR Recording\2B) (ds2s, Deputy Clerk) (Entered: 05/06/2022) |
|---|---|---|
| 05/06/2022 | 28 | Consent MOTION for Speedy Trial *Tolling Between May 5, 2022 and June 6, 2022* by USA as to Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Morgan, Gary) (Entered: 05/06/2022) |
| 05/09/2022 | 29 | ORDER as to Samuel Sullivan, Jr; memorializing the May 6, 2022 Status Conference; scheduling telephone Status Conference for June 6, 2022 at 11:00 a.m. Signed by Judge Theodore D. Chuang on 5/9/2022. (ybs, Deputy Clerk) (Entered: 05/09/2022) |
| 05/09/2022 | 30 | PAPERLESS NOTICE. A TELEPHONE STATUS CONFERENCE is scheduled for June 6, 2022 at 11:00 a.m. To join the call at the scheduled time: (1) Dial 1-888-557-8511. (2) Enter access code 3008173, followed by the # key. You will then be placed on hold until Chambers dials into the call, at which point you will be prompted to enter a security code. (3) When prompted, enter security code 06061100 followed by the # key. The call will be recorded, so please do not use speakerphones as they compromise sound quality. Also, we ask that parties not remain on the conference line after the Judge has left the call, to ensure that the line is free for other calls that may be on the Judge's calendar. (ds2s, Deputy Clerk) (Entered: 05/09/2022) |
| 05/09/2022 | 31 | ORDER granting 28 Consent MOTION for Speedy Trial Tolling Between May 5, 2022 and June 6, 2022 as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 5/9/2022. (ybs, Deputy Clerk) (Entered: 05/09/2022) |
| 05/31/2022 | 32 | ORDER on Consent Motion to Transfer Supervision as to Samuel Sullivan, Jr. Signed by Judge George Levi Russell, III on 5/31/2022. (ybs, Deputy Clerk) (Entered: 05/31/2022) |
| 06/01/2022 | 33 | MOTION to Suppress *Identifications, To Preclude In-Court Identifications, And To Prevent Suggestive In-Court Identifications* by Samuel Sullivan, Jr. (Lopez, Elizabeth) (Entered: 06/01/2022) |
| 06/01/2022 | 34 | MOTION for Leave to File *, To Amend, Supplement or File Additional Motions* by Samuel Sullivan, Jr. (Lopez, Elizabeth) (Entered: 06/01/2022) |
| 06/02/2022 | 35 | QC NOTICE: 34 Motion for Leave to File filed by Samuel Sullivan, Jr., 33 Motion to Suppress filed by Samuel Sullivan, Jr. was filed incorrectly. *\*\*The following attachments or exhibits are missing - Proposed Order. To correct this problem, file Proposed Order using the event Notice (Other) and link Proposed Order to 34 , 33 .* (ybs, Deputy Clerk) (Entered: 06/02/2022) |
| 06/03/2022 | 36 | Proposed Order re 33 MOTION to Suppress *Identifications, And To Prevent Suggestive In-Court Identifications, And To Prevent Suggestive In-Court Identifications* (Lopez, Elizabeth) Modified on 6/3/2022 (ybs, Deputy Clerk). (Entered: 06/03/2022) |
| 06/06/2022 | 37 | Status Conference as to Samuel Sullivan, Jr held on 6/6/2022 before Judge Theodore D. Chuang.(Court Reporter: FTR Recording\2B) (ds2s, Deputy Clerk) (Entered: 06/06/2022) |
| 06/08/2022 | 38 | ORDER memorializing June 6, 2022 Status Conferencegranting 34 MOTION for Leave to File, To Amend, Supplement or File Additional Motions as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 6/8/2022. (ybs, Deputy Clerk) (Entered: 06/09/2022) |
| 06/14/2022 | 39 | -SEALED- MOTION to Seal by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lopez, Elizabeth) (Entered: 06/14/2022) |
| 06/14/2022 | 40 | **SEALED DOCUMENT** (Attachments: # 1 Text of Proposed Order)(Lopez, Elizabeth) Modified on 7/8/2022 (ybs, Deputy Clerk). (Entered: 06/14/2022) |

JA6

| 06/16/2022 | 41 | ORDER REFERRING Case to Magistrate Judge Ajmel A. Qureshi for an Attorney Inquiry Hearing as to Samuel Sullivan, Jr. Signed by Judge Theodore D. Chuang on 6/16/2022. (kns, Deputy Clerk) (Entered: 06/16/2022) |
|---|---|---|
| 06/16/2022 | 42 | Sealed Document (Attachments: # 1 Envelope)(ybs, Deputy Clerk) (Entered: 06/28/2022) |
| 06/22/2022 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Samuel Sullivan, Jr. *Attorney Inquiry Hearing. IN PERSON PROCEEDING* PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 6/22/2022. An interpreter will not be needed. Hearing set for 6/29/2022 11:00 AM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Magistrate Judge Ajmel Ahsen Qureshi.(Morgan, Gary) (Entered: 06/22/2022) |
| 06/29/2022 | 43 | Attorney Inquiry Hearing as to Samuel Sullivan, Jr. held on 6/29/2022 before Magistrate Judge Ajmel Ahsen Qureshi.(FTR - Johnson 3B) (mtds, Deputy Clerk) Modified on 6/30/2022 (jj2s, Deputy Clerk). (Entered: 06/29/2022) |
| 06/30/2022 | 44 | Sealed Document (ybs, Deputy Clerk) (Entered: 06/30/2022) |
| 06/30/2022 | | Attorney update in case as to Samuel Sullivan, Jr. Attorney Elizabeth Lopez terminated. (ybs, Deputy Clerk) (Entered: 06/30/2022) |
| 06/30/2022 | | Attorney update in case as to Samuel Sullivan, Jr. Attorney Douglas Ryan Miller terminated. (ybs, Deputy Clerk) (Entered: 07/15/2022) |
| 07/07/2022 | 45 | PAPERLESS ORDER granting 39 Motion to Seal as to 40 Proposed Sealed Document as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 7/7/2022. (my2s, Chambers) (Entered: 07/07/2022) |
| 07/18/2022 | 46 | CJA 20 as to Samuel Sullivan, Jr: Appointment of Attorney Michael Edward Lawlor for Samuel Sullivan, Jr.. Signed by Judge Theodore D. Chuang on 7/13/2022. (ybs, Deputy Clerk) (Entered: 07/18/2022) |
| 07/19/2022 | 47 | NOTICE OF ATTORNEY APPEARANCE: Michael Edward Lawlor as CJA Appointment appearing for Samuel Sullivan, Jr(Lawlor, Michael) (Entered: 07/19/2022) |
| 07/27/2022 | 48 | ORDER directing parties to file a Joint Status Report within 14 days as to Samuel Sullivan, Jr. Signed by Judge Theodore D. Chuang on 7/27/2022. (ybs, Deputy Clerk) (Entered: 07/27/2022) |
| 08/16/2022 | 50 | STATUS REPORT by USA as to Samuel Sullivan, Jr (Morgan, Gary) (Entered: 08/16/2022) |
| 08/18/2022 | 51 | MARGINAL ORDER granting 50 STATUS REPORT. Signed by Judge Theodore D. Chuang on 8/18/2022. (mg3s, Deputy Clerk) (Entered: 08/18/2022) |
| 10/03/2022 | 52 | Consent MOTION for Extension of Time to File *Defendant's Supplemental Brief in Support of Motion to Suppress and Joint Status Report* by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lawlor, Michael) (Entered: 10/03/2022) |
| 10/03/2022 | 53 | ORDER granting 52 Consent MOTION for Extension of Time to File Defendant's Supplemental Brief in Support of Motion to Suppress and Joint Status Report as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 10/3/2022. (mg3s, Deputy Clerk) (Entered: 10/03/2022) |
| 10/24/2022 | 54 | Consent MOTION for Extension of Time to File *Defendant's Supplemental Brief in Support of Motion to Suppress* by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lawlor, Michael) (Entered: 10/24/2022) |

JA7

| | | |
|---|---|---|
| 10/25/2022 | 55 | ORDER granting 54 Consent MOTION for Extension of Time to File Defendant's Supplemental Brief in Support of Motion to Suppress as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 10/24/2022. (ybs, Deputy Clerk) (Entered: 10/25/2022) |
| 10/26/2022 | 56 | Returned Pleading ORDER as to Samuel Sullivan, Jr. Signed by Judge Theodore D. Chuang on 10/26/2022. (Attachments: # 1 First Page of Returned Document) (c/m 10/26/2022 ybs, Deputy Clerk) (Entered: 10/26/2022) |
| 12/13/2022 | 57 | PAPERLESS NOTICE. A TELEPHONE STATUS CONFERENCE is scheduled for December 20, 2022 at 10:30 a.m. To join the call at the scheduled time: (1) Dial 1-888-557-8511. (2) Enter access code 3008173, followed by the # key. You will then be placed on hold until Chambers dials into the call, at which point you will be prompted to enter a security code. (3) When prompted, enter security code 12201030 followed by the # key. The call will be recorded, so please do not use speakerphones as they compromise sound quality. Also, we ask that parties not remain on the conference line after the Judge has left the call, to ensure that the line is free for other calls that may be on the Judge's calendar. (ds2s, Deputy Clerk) (Entered: 12/13/2022) |
| 12/19/2022 | 58 | NOTICE OF ATTORNEY APPEARANCE: Adam Christopher Demetriou as Pro bono Appointment appearing for Samuel Sullivan, Jr(Demetriou, Adam) (Entered: 12/19/2022) |
| 12/20/2022 | 59 | Status Conference as to Samuel Sullivan, Jr held on 12/20/2022 before Judge Theodore D. Chuang.(Court Reporter: FTR Recording\2B) (ds2s, Deputy Clerk) (Entered: 12/20/2022) |
| 12/20/2022 | 60 | ORDER Scheduling Telephone Status Conference for 2/24/2023 as to Samuel Sullivan, Jr. Signed by Judge Theodore D. Chuang on 12/20/2022. (bas, Deputy Clerk) (Entered: 12/20/2022) |
| 12/20/2022 | 61 | PAPERLESS NOTICE. A TELEPHONE STATUS CONFERENCE is scheduled for February 24, 2023 at 11:00 a.m. To join the call at the scheduled time: (1) Dial 1-888-557-8511. (2) Enter access code 3008173, followed by the # key. You will then be placed on hold until Chambers dials into the call, at which point you will be prompted to enter a security code. (3) When prompted, enter security code 02241100 followed by the # key. The call will be recorded, so please do not use speakerphones as they compromise sound quality. Also, we ask that parties not remain on the conference line after the Judge has left the call, to ensure that the line is free for other calls that may be on the Judge's calendar. (ds2s, Deputy Clerk) (Entered: 12/20/2022) |
| 02/24/2023 | 62 | PAPERLESS NOTICE that a REARRAIGNMENT is scheduled for March 30, 2023 at 11:30 a.m. before Judge Theodore D. Chuang at the United States Courthouse located at 6500 Cherrywood Lane in Greenbelt, Maryland. The specific courtroom for the rearraignment will be available the week of the proceeding on the Court's website. The U.S. Attorney's Office is responsible for ordering any come up or translators needed. If either party seeks a change in the defendant's detention status or release conditions, that party must notify opposing counsel, Chambers, U.S. Probation and Pretrial Services, and, if necessary, the U.S. Marshals Service of that request in advance of the proceeding.(ds2s, Deputy Clerk) (Entered: 02/24/2023) |
| 02/27/2023 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Samuel Sullivan, Jr. *IN PERSON PROCEEDING.* PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 2/27/2023. An interpreter will not be needed. Rearraignment set for 3/30/2023 11:30 AM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Judge Theodore D. Chuang.(Morgan, Gary) (Entered: 02/27/2023) |

JA8

| | | |
|---|---|---|
| 03/30/2023 | 63 | Re-Arraignment as to Samuel Sullivan Jr. (1) as to Counts 1-3,1,4,5,6 held on 3/30/2023 before Judge Theodore D. Chuang. Plea entered by Samuel Sullivan Jr. (1) Guilty as to Counts 1,4,5 and 6; Not Guilty on Counts 2, 3 and 7. (Court Reporter: Patricia Klepp\2B) (ds2s, Deputy Clerk) (Entered: 03/30/2023) |
| 03/30/2023 | 64 | PLEA AGREEMENT as to Samuel Sullivan, Jr (Attachments: # 1 Stipulation of Facts) (ds2s, Deputy Clerk) (Entered: 03/30/2023) |
| 03/30/2023 | 65 | -SEALED- PLEA SUPPLEMENT as to Samuel Sullivan, Jr (ds2s, Deputy Clerk) (Entered: 03/30/2023) |
| 03/30/2023 | 66 | Regular Sentencing Order as to Samuel Sullivan, Jr. Signed by Judge Theodore D. Chuang on 3/30/2023. (ds2s, Deputy Clerk) (Entered: 03/30/2023) |
| 03/30/2023 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Samuel Sullivan, Jr. *IN PERSON PROCEEDING.* PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 3/30/2023. An interpreter will not be needed. Sentencing set for 6/27/2023 02:30 PM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Judge Theodore D. Chuang.(Morgan, Gary) (Entered: 03/30/2023) |
| 04/13/2023 | 67 | MOTION for Forfeiture of Property *for Preliminary Order of Forfeiture* by USA as to Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order for Preliminary Order of Forfeiture)(Morgan, Gary) (Entered: 04/13/2023) |
| 04/13/2023 | 68 | MOTION to Strike *Appearance* by USA as to Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Engelking, Jared) (Entered: 04/13/2023) |
| 04/17/2023 | 69 | ORDER granting 68 Motion to Strike as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 4/17/2023. (bas, Deputy Clerk) (Entered: 04/17/2023) |
| 04/17/2023 | | Attorney update in case as to Samuel Sullivan, Jr. Attorney Jared Engelking terminated. (bas, Deputy Clerk) (Entered: 04/17/2023) |
| 06/12/2023 | 71 | -SEALED- MOTION to Seal by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lawlor, Michael) (Entered: 06/12/2023) |
| 06/12/2023 | 72 | **PROPOSED SEALED DOCUMENT** (Attachments: # 1 Text of Proposed Order) (Lawlor, Michael) (Entered: 06/12/2023) |
| 06/13/2023 | 73 | Sealed Document. (c/e 6/13/2023 bas, Deputy Clerk) (Entered: 06/13/2023) |
| 06/13/2023 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Samuel Sullivan, Jr. PLEASE NOTE: THE FOLLOWING HEARING HAS BEEN CANCELLED: Sentencing scheduled for 6/27/2023 at 02:30 located at Greenbelt (for specific location, refer to court website - www.mdd.uscourts.gov/calendar/calendar.asp). An interpreter was not previously requested for this hearing. (Morgan, Gary) (Entered: 06/13/2023) |
| 06/14/2023 | | PAPERLESS NOTICE OF HEARING by U.S. Attorney's Office as to Samuel Sullivan, Jr. *IN PERSON PROCEEDING.* PLEASE NOTE: Defendant is in custody. A writ has not been requested. A come up was requested on 6/14/2023. An interpreter will not be needed. Sentencing set for 9/20/2023 02:30 PM in Greenbelt (for specific location, refer to court website:www.mdd.uscourts.gov/calendar/calendar.asp) before Judge Theodore D. Chuang.(Morgan, Gary) (Entered: 06/14/2023) |
| 06/14/2023 | 74 | PAPERLESS NOTICE that a SENTENCING is rescheduled from June 27, 2023 to September 20, 2023 at 2:30 p.m. before Judge Theodore D. Chuang at the United States Courthouse located at 6500 Cherrywood Lane in Greenbelt, Maryland. The specific courtroom for the sentencing will be available the week of the proceeding on the Court's |

| | | |
|---|---|---|
| | | website. The U.S. Attorney's Office is responsible for ordering any come up or translators needed. If either party seeks a change in the defendant's detention status or release conditions, that party must notify opposing counsel, Chambers, U.S. Probation and Pretrial Services, and, if necessary, the U.S. Marshals Service of that request in advance of the proceeding. (ds2s, Deputy Clerk) (Entered: 06/14/2023) |
| 08/31/2023 | 75 | RETURN DOCUMENT ORDER as to Samuel Sullivan, Jr. Signed by Judge Theodore D. Chuang on 8/31/2023. (Attachments: # 1 First Page of Returned Document) (bas, Deputy Clerk) (Entered: 09/01/2023) |
| 09/05/2023 | 76 | Consent MOTION for Extension of Time to File *Sentencing Memorandum* by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lawlor, Michael) (Entered: 09/05/2023) |
| 09/13/2023 | 77 | -SEALED- MOTION to Seal by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lawlor, Michael) (Entered: 09/13/2023) |
| 09/13/2023 | 78 | **PROPOSED SEALED DOCUMENT** (Lawlor, Michael) (Entered: 09/13/2023) |
| 09/13/2023 | 81 | ORDER Granting 76 Motion for Extension of Time to File as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 9/13/2023. (bas, Deputy Clerk) (Entered: 09/14/2023) |
| 09/14/2023 | 79 | -SEALED- MOTION to Seal by USA as to Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Morgan, Gary) (Entered: 09/14/2023) |
| 09/14/2023 | 80 | **PROPOSED SEALED DOCUMENT** (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Morgan, Gary) (Entered: 09/14/2023) |
| 09/18/2023 | 82 | MOTION to Seal by USA as to Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Morgan, Gary) (Entered: 09/18/2023) |
| 09/18/2023 | 83 | **PROPOSED SEALED DOCUMENT** (Morgan, Gary) (Entered: 09/18/2023) |
| 09/19/2023 | 84 | Emergency MOTION Unopposed Motion to Delay Sentencing Hearing Scheduled for September 20, 2023 by One Hour by Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Lawlor, Michael) (Entered: 09/19/2023) |
| 09/19/2023 | 85 | ORDER Granting 84 Unopposed Motion to Delay Sentencing Hearing Scheduled for September 20, 2023 by One Hour as to Samuel Sullivan Jr. (1). Signed by Judge Theodore D. Chuang on 9/19/2023. (bas, Deputy Clerk) (Entered: 09/19/2023) |
| 09/20/2023 | 86 | PAPERLESS NOTICE that a SENTENCING is scheduled for September 20, 2023 at 3:30 p.m. before Judge Theodore D. Chuang at the United States Courthouse located at 6500 Cherrywood Lane in Greenbelt, Maryland. The specific courtroom for the sentencing will be available the week of the proceeding on the Court's website. The U.S. Attorney's Office is responsible for ordering any come up or translators needed. If either party seeks a change in the defendant's detention status or release conditions, that party must notify opposing counsel, Chambers, U.S. Probation and Pretrial Services, and, if necessary, the U.S. Marshals Service of that request in advance of the proceeding. (ds2s, Deputy Clerk) (Entered: 09/20/2023) |
| 09/20/2023 | 87 | MOTION to Seal by USA as to Samuel Sullivan, Jr. (Attachments: # 1 Text of Proposed Order)(Morgan, Gary) (Entered: 09/20/2023) |
| 09/20/2023 | 88 | **PROPOSED SEALED DOCUMENT** (Morgan, Gary) (Entered: 09/20/2023) |
| 09/20/2023 | 89 | Sentencing as to Samuel Sullivan, Jr held on 9/20/2023 before Judge Theodore D. Chuang.(Court Reporter: Kathy Cortopassi\2B) (ds2s, Deputy Clerk) (Entered: 09/20/2023) |

JA10

| 09/22/2023 | 90 | PRELIMINARY ORDER OF FORFEITURE as to Samuel Sullivan, Jr.. Signed by Judge Theodore D. Chuang on 9/20/2023. (bas, Deputy Clerk) (Entered: 09/22/2023) |
| --- | --- | --- |
| 09/22/2023 | 91 | JUDGMENT as to Samuel Sullivan, Jr. (1), Count(s) 1, 4, 5, 6, IMPRISONMENT for a term of 168 months on each counts 1, 4 and 6 to run concurrently with each other and a term of 84 months on count 5, to run consecutively to the terms on counts 1, 4 and 6 of the indictment, for a total term of 252 months; SUPERVISED RELEASE for a term of 3 years on each of counts 1, 4 and 6, and 5 years on count 5, to run concurrently with each other, for a term of 5 years; ASSESSMENT $400.00; RESTITUTION $30,894.00; Count(s) 2-3, 7, DISMISSED. Signed by Judge Theodore D. Chuang on 9/21/2023. (bas, Deputy Clerk) (Entered: 09/22/2023) |
| 10/03/2023 | 93 | Sealed Document (Attachments: # 1 Attachment, # 2 Envelope)(av4s, Deputy Clerk) (Entered: 10/17/2023) |
| 10/17/2023 | 94 | Transmission of Notice of Appeal and Docket Sheet as to Samuel Sullivan, Jr. to US Court of Appeals re 93 Sealed Document (av4s, Deputy Clerk) (Entered: 10/17/2023) |
| 10/19/2023 | 95 | USCA Case Number 23-4650 for 93 Sealed Document filed by Samuel Sullivan, Jr. Case Manager - Richard Sewell (av4s, Deputy Clerk) (Entered: 10/19/2023) |
| 10/23/2023 | 96 | ORDER of USCA appointing Michael Francis Smith to represent appellant Samuel Sullivan, Jr. as to re 93 Sealed Document (av4s, Deputy Clerk) (Entered: 10/25/2023) |
| 11/14/2023 | 97 | TRANSCRIPT ORDER ACKNOWLEDGMENT by Samuel Sullivan, Jr. for proceedings held on Plea 3/20/23 before Judge Theodore D. Chuang, Transcript due by 12/21/2023. (Court Reporter: Patricia Klepp)(slss, Deputy Clerk) (Entered: 11/15/2023) |
| 11/14/2023 | 98 | TRANSCRIPT ORDER ACKNOWLEDGMENT by Samuel Sullivan, Jr. for proceedings held on Sentencing 9/20/23 before Judge Theodore D. Chuang, Transcript due by 12/21/2023. (Court Reporter Kathleen Cortopassi)(slss, Deputy Clerk) (Entered: 11/15/2023) |
| 11/17/2023 | 99 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Samuel Sullivan, Jr held on 9/20/23, before Judge Chuang. Court Reporter/Transcriber Kathy Cortopassi, Telephone number 301-344-3499. Total number of pages filed: 25. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 12/8/2023. Redacted Transcript Deadline set for 12/18/2023. Release of Transcript Restriction set for 2/15/2024. Redaction Request due 12/8/2023. Redacted Transcript Deadline set for 12/18/2023. Release of Transcript Restriction set for 2/15/2024. (kc3, Court Reporter) (Entered: 11/17/2023) |
| 11/17/2023 | 100 | Sealed Document (kc3, Court Reporter) (Entered: 11/17/2023) |
| 12/01/2023 | | PAPERLESS Notice Striking Appearance of Gary Michael Morgan Jr. as counsel. Refer to Miscellaneous case 1:22-mc-0045 for Motion and Order.(cw6s, Deputy Clerk) (Entered: 12/01/2023) |
| 12/01/2023 | | Attorney update in case as to Samuel Sullivan, Jr. Attorney Gary Michael Morgan, Jr terminated. (cw6s, Deputy Clerk) (Entered: 12/01/2023) |
| 12/21/2023 | 101 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings, Rearraignment, as to Samuel Sullivan, Jr held on 3/30/23, before Judge Theodore D. Chuang. Court Reporter/Transcriber Patricia Klepp, Telephone number 3013443228. Total number of pages filed: 40. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

JA11

| | | Restriction. After that date it may be obtained from the Court Reporter or through PACER. Redaction Request due 1/11/2024. Redacted Transcript Deadline set for 1/22/2024. Release of Transcript Restriction set for 3/20/2024. (pk4, Court Reporter) (Entered: 12/21/2023) |
|---|---|---|
| 12/21/2023 | 102 | Sealed Document (pk4, Court Reporter) (Entered: 12/21/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/11/2024 14:19:28 | | | |
| **PACER Login:** | tmstuckey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-cr-00460-TDC |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

**JA12**

*KOH*
GMM/JE: USAO 2021R00477

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 NOV 18  PH 3: 56

CLERK'S OFFICE
AT GREENBELT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** TDC21CR460 |
| | * | |
| **SAMUEL SULLIVAN, JR.,** | * | **(Bank Robbery, 18 U.S.C. § 2113(a);** |
| | * | **Interference and Attempted Interference** |
| **Defendant** | * | **with Interstate Commerce by Robbery,** |
| | * | **18 U.S.C. § 1951(a); Use, Carry, and** |
| | * | **Brandish a Firearm During and in** |
| | * | **Relation to a Crime of Violence, 18** |
| | * | **U.S.C. § 924(c); Forfeiture, 18 U.S.C.** |
| | * | **§§ 924(d) and 981(a)(1)(C), 21 U.S.C.** |
| | * | **§ 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INDICTMENT

### COUNT ONE
**(Bank Robbery)**

The Grand Jury for the District of Maryland charges that:

On or about April 14, 2021, in the District of Maryland, the defendant,

### SAMUEL SULLIVAN, JR.,

did by force, violence and intimidation, take from the person and presence of employees of a

bank, that is, a Wells Fargo branch located in Potomac, Maryland, the deposits of which were

then insured by the Federal Deposit Insurance Corporation, any property and money and any

other thing of value, that is, approximately $3,600 in United States currency, belonging to and in

the care, custody, control, management and possession of said bank.

18 U.S.C. § 2113(a)

**JA13**

**COUNT TWO**
**(Bank Robbery)**

The Grand Jury for the District of Maryland further charges that:

On or about May 3, 2021, in the District of Maryland, the defendant,

**SAMUEL SULLIVAN, JR.,**

did by force, violence and intimidation, take from the person and presence of employees of a

bank, that is, a Wells Fargo branch located in Potomac, Maryland, the deposits of which were

then insured by the Federal Deposit Insurance Corporation, property and money and any other

thing of value, that is, approximately $9,573 in United States currency, belonging to and in the

care, custody, control, management and possession of said bank.

18 U.S.C. § 2113(a)

2

**JA14**

**COUNT THREE**
**(Bank Robbery)**

The Grand Jury for the District of Maryland further charges that:

On or about May 17, 2021, in the District of Maryland, the defendant,

**SAMUEL SULLIVAN, JR.,**

did by force, violence and intimidation, take from the person and presence of employees of a

bank, that is, a SunTrust Bank branch located in Hyattsville, Maryland, the deposits of which

were then insured by the Federal Deposit Insurance Corporation, any property and money and

any other thing of value, that is, approximately $8,065 in United States currency, belonging to

and in the care, custody, control, management and possession of said bank.

18 U.S.C. § 2113(a)

3

**JA15**

## COUNT FOUR
**(Interference with Interstate Commerce by Robbery)**

The Grand Jury for the District of Maryland further charges that:

On or about May 26, 2021, in the District of Maryland, the defendant,

**SAMUEL SULLIVAN, JR.,**

did unlawfully obstruct, delay and affect commerce by robbery, as those terms are defined in 18

U.S.C. § 1951, in that the defendant did unlawfully obtain property consisting of United States

currency from the presence and person of Victim One, an employee of Business A, located in

Hyattsville, Maryland, against the will of that employee by means of actual and threatened force,

violence, and fear of injury to the employee.

18 U.S.C. § 1951(a)

4

**JA16**

**COUNT FIVE**
**(Use, Carry, and Brandish a Firearm and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about May 26, 2021, in the District of Maryland, the defendant,

**SAMUEL SULLIVAN, JR.,**

did knowingly, intentionally, and unlawfully use, carry, and brandish a firearm, during and in

relation to a crime of violence for which the defendant may be prosecuted in a court of the

United States, that is, interference with commerce by robbery and interference with interstate

commerce by robbery, in violation of 18 U.S.C. § 1951, as set forth in Count Four of this

Indictment, which is incorporated here.

18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i)

5

**JA17**

### COUNT SIX
**(Attempted Interference with Interstate Commerce by Robbery)**

The Grand Jury for the District of Maryland further charges that:

On or about June 11, 2021, in the District of Maryland, the defendant,

**SAMUEL SULLIVAN, JR.,**

did unlawfully attempt to obstruct, delay and affect commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendant did unlawfully attempt to take and obtain property and money, that is, United States currency, from the presence and person of Victims Two and Three, employees of the Sunoco gas station, located in Temple Hills, Maryland, against the will of those employees by means of actual and threatened force, violence, and fear of injury to the employees.

18 U.S.C. § 1951(a)

6

**JA18**

### COUNT SEVEN
**(Attempted Interference with Interstate Commerce by Robbery)**

The Grand Jury for the District of Maryland further charges that:

On or about June 11, 2021, in the District of Maryland, the defendant,

**SAMUEL SULLIVAN, JR.,**

did unlawfully attempt to obstruct, delay and affect commerce by robbery, as those terms are

defined in 18 U.S.C. § 1951, in that the defendant did unlawfully attempt to take and obtain

property and money, that is United States currency, from the presence and person of Victim

Four, an employee of Business 2, located in Hyattsville, Maryland, against the will of that

employee by means of actual and threatened force, violence, and fear of injury to the employee.

18 U.S.C. § 1951(a)

7

**JA19**

<u>**FORFEITURE ALLEGATION**</u>

The Grand Jury for the District of Maryland further finds that:

1.       Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Seven of this Indictment.

<u>**Robbery Forfeiture**</u>

2.       Upon conviction of the offenses set forth in Counts One, Two, Three, Four, Six, and Seven, the defendant,

**SAMUEL SULLIVAN, JR.,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including, but not limited to, a forfeiture money judgment in the amount of at least $27,546 in United States currency representing the amount of proceeds traceable to the commission of said offenses.

<u>**Firearms and Ammunition Forfeiture**</u>

3.       Upon conviction of the offense set forth in Count Five of this Indictment, the defendant,

**SAMUEL SULLIVAN, JR.,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

**JA20**

**Substitute Assets**

    4.    If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron / GMM*
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

11/18/21
Date

9

**JA21**



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

G. Michael Morgan, Jr.
Assistant United States Attorney
Michael.Morgan5@usdoj.gov

Mailing Address
6500 Cherrywood Lane, Suite 200
Greenbelt, MD 20770-1249

Office Location
6406 Ivy Lane, 8th Floor
Greenbelt, MD 20770-1249

DIRECT  301-344-0106
MAIN  301-344-4433
FAX  301-344-4516

March 17, 2023 ✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

MAR 3 0 2023

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Michael Lawlor, Esq.
Adam Demetriou, Esq.
Brennan, McKenna & Lawlor, Chartered
6305 Ivy Lane Suite 700
Greenbelt, Maryland 20770

Re:     United States v. Samuel Sullivan, Jr.,
        Criminal No. TDC-21-0460
        Criminal No. TDC-10-0223 (Petition on Violation of Supervised Release)

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Samuel Sullivan, Jr. (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by March 24, 2023, it will be deemed withdrawn. The terms of the Agreement are as follows:

<u>Offenses of Conviction and Violation of Supervised Release</u>

1.      The Defendant agrees to plead guilty to Counts One, Four, Five, and Six of the Indictment, which charges the Defendant with: in Count One, Bank Robbery, in violation of 18 U.S.C. § 2113(a); in Count Four, Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); in Count Five, Use, Carry, and Brandish a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i); and, in Count Six, Attempted Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). The Defendant admits that the Defendant is, in fact, guilty of the offenses described in the Indictment and will so advise the Court.

2.      The Defendant also agrees to admit to Violations of Supervised Release 1 through 3 alleged in Petition # 1 (ECF 90) now pending against him in Criminal No. TDC-10-0223 (the "VOSR"), which alleges in Violations 1 and 2 that the Defendant committed another federal, state, or local crime, in violation of Mandatory Condition #1; and in Violation 3 that the Defendant possessed or had access to a firearm, in violation of Mandatory Condition #10. The Defendant admits that the Defendant is, in fact, guilty of violating the terms of his supervised release in Criminal No. TDC-10-0223, and will so advise the Court.

**JA22**

<u>Elements of the Offenses and Violation of Supervised Release</u>

3.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, and the elements of the VOSR, which this Office would prove at a violation hearing, are as follows:

*Criminal No. TDC-21-0460*

<u>Count One (Bank Robbery)</u>: That on or about the times alleged in the Indictment, in the District of Maryland, (1) the Defendant took money that belonged to or was in the care, custody, control, management or possession of the bank from the person or in the presence of another; (2) the Defendant did so by force and violence or by acting in an intimidating manner; and (3) the bank was a federal insured bank.

<u>Counts Four and Six (Interference or Attempted Interference with Interstate Commerce by Robbery)</u>: That on or about the time alleged in the Indictment, in the District of Maryland, (1) the Defendant knowingly obtained or took, or attempted to obtain or take, the personal property of another, or from the presence of another, (2) the Defendant took this property, or attempted to take this property, against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future, and (3) that as a result of the Defendant's actions or attempted actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

<u>Count Five (Use, Carry, and Brandish a Firearm During and In Relation to a Crime of Violence)</u>: That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant: (1) committed a crime of violence for which hie might be prosecuted in a court of the United States; and (2) knowingly used or carried a firearm and in relation to the commission of, or knowingly possessed a firearm in the furtherance of, the crime charged in Count Four, to wit, interference with commerce by robbery and interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and (3) brandished the weapon.

*Criminal No. TDC-10-0223 (VOSR)*

<u>Violation of Supervised Release</u>: That on or about the time alleged in the Petition, in the District of Maryland: (1) the Defendant was on supervised release; and (2) the Defendant violated a condition of supervised release.

<u>Penalties</u>

4.    The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

2

**JA23**

*Criminal No. TDC-21-0460*

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|------|--------------------|
| 1 | 18 U.S.C. § 2113(a) | N/A | 20 years | 3 years | $250,000 | $100 |
| 4 | 18 U.S.C. § 1951(a) | N/A | 20 years | 3 years | $250,000 | $100 |
| 5 | 18 U.S.C. § 924(c)(1) (A)(ii) and (c)(1)(C)(i) | 25 years, consecutive to any other term of imprisonment imposed | Life, consecutive to any other term of imprisonment imposed | 5 years | $250,000 | $100 |
| 6 | 18 U.S.C. § 1951(a) | N/A | 20 years | 3 years | $250,000 | $100 |

*Criminal No. TDC-10-0223 (VOSR)*

Violation of Supervised Release:  The conviction underlying the Defendant's supervised release violation was pursuant to 18 U.S.C. § 2113(a), (d) & (f), which is a Class B Felony; as well as 18 U.S.C. § 924(c), which is a Class A felony.  Pursuant to 18 U.S.C. § 3583(e)(3) and 3583(h), the maximum sentence is five years of imprisonment followed by three years of supervised release, less any term of imprisonment imposed upon revocation of supervised release.

    a.    Prison:  If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b.    Supervised Release:  If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

    c.    Restitution:  The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

    d.    Payment:  If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d).  The Defendant may be required to pay interest if the fine is not paid when due.

    e.    Forfeiture:  The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

    f.    Collection of Debts:  If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt.  If the Court establishes a

schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

<u>Waiver of Rights</u>

5.     The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

*Criminal No. TDC-21-0460*

a.     If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.     If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.     If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.     The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.     If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of

4

**JA25**

evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.     If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

*Criminal No. TDC-10-0223 (VOSR)*

i.     If the Defendant had persisted in his plea of not guilty, the Defendant would have had the right: (1) to be assisted by competent counsel; (2) to receive written notice of the alleged violation, (3) to disclosure of the evidence against him; and (4) to a revocation hearing within a reasonable time.

j.     If the matter proceeded to a revocation hearing, the Defendant would have had an opportunity to appear, present evidence, and question any adverse witnesses (unless the Court determines that the interest of justice does not require the witness to appear).

k.     At any such revocation hearing, the Government would have to prove to the presiding Judge, by a preponderance of the evidence, that the Defendant violated a condition of supervised release.

5

**JA26**

l.    If the Defendant were found guilty at such a hearing, he would have the right to appeal the Court's finding of guilt and its decisions concerning the admissibility of evidence. By pleading guilty, the Defendant knowingly gives up the right to appeal the finding of guilt and the Court's decisions.

### Advisory Sentencing Guidelines Apply

6.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7.    This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein. This Office and the Defendant further stipulate and agree as follows:

*Criminal No. TDC-21-0460*

Count One (Bank Robbery):

a.    The Defendant's conduct involved the commission of three separate crimes of Bank Robbery, in violation of 18 U.S.C. § 2113(a) (hereinafter "the Bank Robbery Offenses"). Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.2(c), a plea agreement containing a stipulation that specifically establishes the commission of additional offenses shall be treated as if the Defendant had been convicted of additional counts charging those offenses.

b.    Group One (Bank Robbery of Business 1 on April 14, 2021): This Office and the Defendant agree that the applicable base offense level for this robbery is **20**, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B3.1. A **2**-level increase applies, pursuant to U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken. A **2**-level increase applies, pursuant to U.S.S.G. § 2B3.1(b)(2), because a threat of death was made. The adjusted offense level for Group One is **24**.

c.    Group Two (Bank Robbery of Business 1 on May 3, 2021): This Office and the Defendant agree that the applicable base offense level for this robbery is **20**, pursuant to U.S.S.G. § 2B3.1. A **2**-level increase applies, pursuant to U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken. A **2**-level increase applies, pursuant to U.S.S.G. § 2B3.1(b)(2), because a threat of death was made. The adjusted offense level for Group Two is **24**.

d.    Group Three (Bank Robbery of Business 2 on May 17, 2021): This Office and the Defendant agree that the applicable base offense level for this robbery is **20**, pursuant to

6

JA27

U.S.S.G. § 2B3.1. A **2**-level increase applies, pursuant to U.S.S.G. § 2B3.1(b)(1), because the property of a financial institution was taken. A **2**-level increase applies, pursuant to U.S.S.G. § 2B3.1(b)(2), because a threat of death was made. The adjusted offense level for Group Three is **24**.

Count Four (Interference with Interstate Commerce by Robbery):

e.    Group Four (Interference with Interstate Commerce by Robbery of Business 3 on May 26, 2021): This Office and the Defendant agree that the applicable base offense level is **20**, pursuant to U.S.S.G § 2B3.1. The **5**-level increase, pursuant to U.S.S.G. § 2B3.1(b)(2), does not apply because the defendant is pleading guilty to a violation of 18 U.S.C. § 924(c) (Count Five). The adjusted offense level for Group Four is **20**.

Count Six (Attempted Interference with Interstate Commerce by Robbery):

f.    The Defendant's conduct involved the commission of two separate crimes of Attempted Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (hereinafter "the Attempted Hobbs Act Offenses"). Pursuant to U.S.S.G. § 1B1.2(c), a plea agreement containing a stipulation that specifically establishes the commission of additional offenses shall be treated as if the Defendant had been convicted of additional counts charging those offenses.

g.    Group Five (Attempted Interference with Interstate Commerce by Robbery of Business 4 on June 11, 2021): This Office and the Defendant agree that the applicable base offense level is **20**, pursuant to U.S.S.G § 2B3.1. A **7**-level increase applies, pursuant to U.S.S.G § 2B3.1(b)(2), because a firearm was discharged. A **4**-level increase applies, pursuant to U.S.S.G § 2B3.1(b)(3), because a victim sustained serious bodily injury. The adjusted offense level for Group Five is **31**.

h.    Group Six (Attempted Interference with Interstate Commerce by Robbery of Business 5 on June 11, 2021): This Office and the Defendant agree that the applicable base offense level is **20**, pursuant to U.S.S.G § 2B3.1. A **5**-level increase applies, pursuant to U.S.S.G § 2B3.1(b)(2), because a firearm was brandished or possessed. The adjusted offense level for Group Six is **25**.

Grouping

i.    Pursuant to U.S.S.G §§ 3D1.1(a)(1), 3D1.2, neither Count One, Count Four, Count Six, the Bank Robbery Offenses, nor the Attempted Hobbs Act Robbery Offenses group and, thus, there are six groups. The group with the highest offense level is Group Five (31). Pursuant to U.S.S.G. § 3D1.4(a), because the offense level for Groups One, Two, Three, and Six are from 5 to 8 levels less serious (for a total of 2 Units), and the offense level for Group Four is 9 or more levels less serious (for no additional Units), than the offense level for Group Five, there are 3 total Units, and the offense level is increased by **3** levels. The total adjusted offense level thus is **34**.

7

Acceptance of Responsibility

j.      This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty.  This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

Count Five (Use, Carry, and Brandish a Firearm During and In Relation to a Crime of Violence):

k.      This Office and the Defendant agree that pursuant to U.S.S.G §§ 2K2.4(b) and 18 U.S.C. § 924(c)(1)(C), the advisory guidelines range is not less than **25 years, consecutive to any other term of imprisonment imposed,** because of the Defendant's prior conviction under 18 U.S.C. § 924(c).

8.      Other than as set forth above, there is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level.  Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

9.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

*Criminal No. TDC-10-0223 (VOSR)*

10.     This Office and the Defendant further agree that the applicable advisory guidelines apply as follows:

a.      Pursuant to U.S.S.G. § 7B1.1(b), the advisory guidelines range for a **Grade A** violation applies because the most serious conduct alleged in the Petition constitutes a federal, state, or local offense punishable by a term of imprisonment exceeding one year that is a crime of violence.

8

**JA29**

b.      The parties further agree that, at the time of his original conviction in the case underlying Criminal No. JFM-10-0223, the Defendant had a criminal history of **III**.

c.      Thus, the parties agree that, pursuant to U.S.S.G. § 7B1.4(a), the advisory guidelines range for the Violation of Supervised Release is **30-37 months**.

d.      Pursuant to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the Defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

11.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range

### Obligations of the Parties

12.     At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

### Waiver of Appeal

13.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      In both the Indictment (Criminal No. TDC-21-0460) and the VOSR (Criminal No. TDC-10-0223), the Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.      With regard to the charges contained in the Indictment (Criminal No. TDC-21-0460), the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

9

**JA30**

i.      The Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of **31 as to Counts One, Four and Six, followed by 25 years as to Count Five**; and

ii.      This Office reserves the right to appeal any term of imprisonment to the extent that it is below any sentence within the advisory guidelines range resulting from an offense level of **31 as to Counts One, Four and Six, followed by 25 years as to Count Five.**

c.      With regard to the VOSR (Criminal No. TDC-21-0460), the Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

14.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Forfeiture

15.      The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

16.      Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities: a money judgment in the amount of at least $27,546 in U.S. Currency equal to the total proceeds the Defendant obtained from his offenses.

17.      The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's Restitution Order.

18.      The Defendant agrees to assist fully in the forfeiture of the above-described property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to

10

**JA31**

pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

19.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

<u>Restitution</u>

20.    The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses, which the parties stipulate is at least $27,546. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

<u>Defendant's Conduct Prior to Sentencing and Breach</u>

21.    Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

22.    If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil

11

proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Court Not a Party

23.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

24.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

G. Michael Morgan, Jr.
Assistant United States Attorney

12

**JA33**

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3-24-23
_____
Date

Samuel Sullivan, Jr.

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

1/24/23
_____
Date

Michael Lawlor, Esq.

13

Case 8:21-cr-00460-TDC   Document 64-1   Filed 03/30/23   Page 1 of 2



**ATTACHMENT A**

**STIPULATION OF FACTS**

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Between April and June 2021, the Defendant, **SAMUEL SULLIVAN, JR.** ("**SULLIVAN**"), robbed and attempted to rob several banks and commercial businesses. Some of these robberies and attempted robberies were committed at gunpoint. **SULLIVAN** was on supervised release (Criminal No. TDC-10-0223) at the time of these offenses.

On April 14, 2021, **SULLIVAN** entered the Wells Fargo Bank ("Business 1") located at 9812 Falls Road in Potomac, Maryland, and walked directly to the counter. After being greeted by the victim teller, **SULLIVAN** said that he wanted to withdraw $6,000. **SULLIVAN** then reached his hand under his jacket implying that he had a handgun and stated "I have a gun, give me all your money or I will shoot you." The victim complied and handed **SULLIVAN** approximately $3,600 in U.S. currency. **SULLIVAN** then placed the money in his pockets and repeatedly asked the victim and other employees to turn around as he exited the bank. At the time of the robbery, the deposits of the bank were insured by the Federal Deposit Insurance Corporation ("FDIC").

On May 3, 2021, **SULLIVAN** entered Business 1. Upon entering the bank, **SULLIVAN** walked to the counter and presented a note to the victim teller that said, "Give me 18,000 Grand or I'll 5hoot no die or" . . . "30 seconds now." **SULLIVAN** then said, "I have a gun, give me all your money, I'm not playing with you." The victim complied and handed **SULLIVAN** approximately $9,573 in U.S. currency. **SULLIVAN** collected the money and began telling people to stay where they were and to not call the police or push the alarm. **SULLIVAN** placed the money in a bag and then fled the bank. At the time of the robbery, the deposits of the bank were insured by the FDIC.

On May 17, 2021, **SULLIVAN** entered the SunTrust Bank ("Business 2") located at 1900 Queens Chapel Road in Hyattsville, Maryland. **SULLIVAN** had his right hand inside his pants pocket to imply that he a weapon. Upon entering the bank, **SULLIVAN** approached a victim and stated "it's a stick up, I will shoot you." The victim was able to free herself from Sullivan's grasp and ran inside her office. **SULLIVAN** then turned towards another victim and told him to not to move or **SULLIVAN** would shoot. **SULLIVAN** walked over to the teller victims and stated "give me all the cash or I will shoot the manager." The teller victims complied with **SULLIVAN**'s demands and handed him approximately $8,065 in U.S. currency. **SULLIVAN** then fled the scene on foot. During the incident, **SULLIVAN** dropped a pair of gray dress pants that were tied together as if to be used as a bag. The pants were analyzed and **SULLIVAN**'s DNA was discovered. At the time of the robbery, the deposits of the bank were insured by the FDIC.

On May 26, 2021, **SULLIVAN** approached the counter at the Bilingual Administrative Solutions check cashing store ("Business 3") located in the Best Way Supermarket at 3511

14

**JA35**

Hamilton Street in Hyattsville, Maryland. **SULLIVAN** asked the victim employee if the store could cash a $2,000 check. **SULLIVAN** then lifted his shirt and showed a black handgun and demanded $2,000 or he would "shoot." **SULLIVAN** retrieved the black handgun from his waistband, pointed it at the victim, and said "…give me everything you have". The victim complied with **SULLIVAN**'s demands and gave **SULLIVAN** approximately $6,308 in U.S. currency. At the time of the robbery, Business 3 conducted business in and affecting interstate commerce.

On June 11, 2021, **SULLIVAN** entered the Sunoco gas station ("Business 4") located at 3301 Brinkley Road in Temple Hills, Maryland.  Upon entering the gas station, **SULLIVAN** grabbed a victim employee and held a gun to her head. **SULLIVAN** then demanded money from the register saying, "give me all the money or I will shoot her." **SULLIVAN** walked the victim to the back where another victim employee was working and demanded that they give him money. **SULLIVAN** then pushed the victim away and struck her in the head with the handgun, causing a large laceration. **SULLIVAN** then shot the other victim in the leg and fled on foot.  **SULLIVAN** left behind a bag that was analyzed and **SULLIVAN**'s DNA was discovered.  At the time of the attempted robbery, Business 4 conducted business in and affecting interstate commerce.

On June 11, 2021, about two hours after the attempted robbery at Business 4, **SULLIVAN** entered the Cash Depot ("Business 5") located at 3014 Hamilton Street in Hyattsville, Maryland. **SULLIVAN** pulled out a black handgun, walked up behind the victim customer in line ahead of him, placed the gun to the victim's head, and demanded $10,000 in U.S. currency from victim employee working behind the counter. **SULLIVAN** said if the victim employee did not give up the money, then he would shoot the victim customer. The victim employee and fled to a back room in the rear of the store to get away from **SULLIVAN**. **SULLIVAN** then fled the store. At the time of the attempted robbery, Business 5 conducted business in and affecting interstate commerce.

In total, **SULLIVAN** obtained at least $27,546 in proceeds from the above-described robberies and caused an actual loss of at least $27,546 to the victims.


SO STIPULATED:

G. Michael Morgan, Jr.
Assistant United States Attorney


Samuel Sullivan, Jr.
Defendant


Michael Lawlor, Esq.
Counsel for Defendant

15

**JA36**

USDC- GREENBELT
'23 SEP 22 AM 8:50

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. TDC-21-460** |
| | * | |
| **SAMUEL SULLIVAN, JR.,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on November 18, 2021, a federal grand jury sitting in the District of

Maryland returned an Indictment, charging Samuel Sullivan, Jr. (the "Defendant") with bank

robbery, in violation of 13 U.S.C. § 2113(a) (Counts One through Three), interference with

interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count Four), use, carry, and

brandish a firearm and in relation to a crime of violence, in violation of 18 U.S.C.

§§ 924(c)(1(A)(ii) and (c)(1)(C)(i), and attempted interference with interstate commerce by

robbery, in violation of 18 U.S.C. § 1951(a) (Count Six and Seven);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C.

§ 924(d), 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), which

provided notice that the United States intended to seek forfeiture, upon conviction of the

Defendant, of the offenses alleged in Counts One through Seven of the Indictment;

WHEREAS, on March 30, 2023, the Defendant pled guilty to the offenses alleged in

Counts one, Four, Five, and Six of the Indictment;

WHEREAS, as part of his guilty plea, the Defendant agreed to entry of an order of

forfeiture, as part of the Defendant's sentence, to include a money judgment of at least $27,546

**JA37**

in U.S. currency equal to the value of the property derived from, or otherwise involved in, the Defendant's offenses;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture imposing a money judgment in the amount of $27,546 in U.S. currency against the Defendant;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.     The United States' Motion for a Preliminary Order of Forfeiture is GRANTED.

2.     Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, **a forfeiture money judgment in the amount of $27,546.00 in U.S. currency** is hereby entered against the Defendant.

3.     The Defendant shall remain personally liable until the judgment is satisfied. The value of any substitute assets shall be credited toward the satisfaction of the money judgment. Likewise, the value of any directly forfeitable property that is forfeited as the proceeds of the offense shall also be credited toward the satisfaction of the money judgment, but property forfeited as property used to commit or to facilitate the commission of the offense shall not be so credited.

4.     The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5.     Pursuant to Rule 32.2(b)(6) and (c)(1), no third-party notice or ancillary proceeding is required to the extent that this Order consists solely of a money judgment.

**JA38**

6.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

7.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property or substitute property when identified.

Hon. Theodore D. Chuang
United States District Judge

Dated: 9/20/23

3

**JA39**

Sheet 1 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                                    Judgment Page 1 of 7

DDS

# United States District Court
## District of Maryland

USDC- GREENBELT
'23 SEP 22 AM 8:50

**UNITED STATES OF AMERICA**

v.

**SAMUEL SULLIVAN, JR.**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

Case Number:  TDC-8-21-CR-00460-001

Defendant's Attorney:  Michael E. Lawlor and
Adam Demetriou
Assistant U.S. Attorney:  G. Michael Morgan, Jr.

**THE DEFENDANT:**

☒  pleaded guilty to count(s) 1, 4, 5, and 6 of the Indictment.
☐  pleaded nolo contendere to count(s) _____, which was accepted by the court.
☐  was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113(a) | Bank Robbery | April 14, 2021 | 1 |
| 18 U.S.C. § 1951(a) | Interference with Interstate Commerce by Robbery | May 26, 2021 | 4 |

The defendant is adjudged guilty of the offenses listed above and sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984 as modified by United States v. Booker, 543 U.S. 220 (2005).

☐  The defendant has been found not guilty on count(s) _____
☒  Counts 2, 3, and 7 of the Indictment are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

September 20, 2023
Date of Imposition of Judgment

September 21, 2023
Theodore D. Chuang                                    Date
United States District Judge

Name of Court Reporter:  Kathy Cortopassi

Judgment in a Criminal Case (Rev. 12/2019)                                    Judgment Page 2 of  7

**DEFENDANT:**      **SAMUEL SULLIVAN, JR.**
**CASE NUMBER:**   TDC-8-21-CR-00460-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18  U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(C)(i) | Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence | May 26, 2021 | 5 |
| 18  U.S.C. § 1951(a) | Attempted Interference with Interstate Commerce By Robbery | June 11, 2021 | 6 |

**JA41**

Sheet 2 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                                                      Judgment Page 3 of 7

| DEFENDANT: Samuel Sullivan, Jr. | CASE NUMBER: TDC-8-21-CR-00460-001 |
|---|---|

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for terms of <u>168 months on each of Counts 1, 4 ,and 6, to run concurrently with each other, and a term of 84 months on Count 5, to run consecutively to the terms on Counts 1, 4, and 6 of the Indictment, for a total term of 252 months.</u>

☒  The court makes the following recommendations to the Bureau of Prisons:

    ☒That the defendant be designed to the FMC at Fort Worth, Texas, the MCFP at Springfield, Missouri or, in the alternative, the FMC at Lexington, Kentucky for service of his sentence.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ a.m./p.m. on _____.
    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender, at his/her own expense, to the institution designated by the Bureau of Prisons at the date and time specified in a written notice to be sent to the defendant by the United States Marshal.  If the defendant does not receive such a written notice, defendant shall surrender to the United States Marshal:

    ☐  before 2:00 p.m. on _____.

**A defendant who fails to report either to the designated institution or to the United States Marshal as directed shall be subject to the penalties of Title 18 U.S.C. §3146.  If convicted of an offense while on release, the defendant shall be subject to the penalties set forth in 18 U.S.C. §3147.  For violation of a condition of release, the defendant shall be subject to the sanctions set forth in Title 18 U.S.C. §3148.  Any bond or property posted may be forfeited and judgment entered against the defendant and the surety in the full amount of the bond.**

# RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                      _____

                      UNITED STATES MARSHAL

                      By:_____
                      DEPUTY U.S. MARSHAL

Sheet 3 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                          Judgment Page 4 of  7

| DEFENDANT: Samuel Sullivan, Jr. | CASE NUMBER: TDC-8-21-CR-00460-001 |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for terms of <u>3 years on each of Counts 1, 4, and 6 and 5 years on Count 5, to run concurrently with each other, for a total term of 5 years.</u>

**The defendant shall comply with all of the following conditions:**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## A.   MANDATORY CONDITIONS

1)  You must not commit another federal, state or local crime.
2)  You must not unlawfully possess a controlled substance.
3)  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4)  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5)  You must cooperate in the collection of DNA as directed by the probation officer.
6)  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7)  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page

## B.   STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1)  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)  You must answer truthfully the questions asked by your probation officer.
5)  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6)  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7)  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8)  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**JA43**

Sheet 4 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                     Judgment Page 5 of 7

**DEFENDANT: Samuel Sullivan, Jr.**                     CASE NUMBER: TDC-8-21-CR-00460-001

9)   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10)  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11)  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12)  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13)  You must follow the instructions of the probation officer related to the conditions of supervision.

# C.   SUPERVISED RELEASE
## ADDITIONAL CONDITIONS

⊠ **MENTAL HEALTH TREATMENT**

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

⊠ **DRUG TREATMENT**

You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

⊠ **SUBSTANCE ABUSE TESTING**

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

⊠ **RESTITUTION – MONEY**

You must pay outstanding monetary restitution order imposed by the Court of $30,894, at a rate of $150 per month to commence 30 days after release from imprisonment and paid to the Clerk, U.S. District Court, 6500 Cherrywood Lane, Suite 200, Greenbelt, Maryland 20770, for disbursement to the victims.

⊠ **SPECIAL ASSESSMENT**

You must pay the special assessment of $400.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

## JA44

Sheet 5, Part A - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                                      Judgment Page 6 of  7

**DEFENDANT: Samuel Sullivan, Jr.**                                          CASE NUMBER: TDC-8-21-CR-00460-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 5B.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $400.00 | $30,894.00 | Waived | N/A | N/A |

☐  CVB Processing Fee $30.00

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk, US District Court | $30,894.00 | $30,894.00 | |
| 6500 Cherrywood Lane | | | |
| Greenbelt, MD 20770 | | | |
| For disbursement to victim(s) | | | |

**TOTALS**        $        30,894.00        $        $30,894.00

☐  Restitution amount ordered pursuant to plea agreement _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐ fine   ☐ restitution

☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Sheet 6 - Judgment in a Criminal Case with Supervised Release (Rev. 12/2019)                                    Judgment Page 7 of  7

**DEFENDANT: Samuel Sullivan, Jr.**                                    CASE NUMBER: TDC-8-21-CR-00460-001

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  $400 Special Assessment to be paid in full immediately.

B  ☐  $_____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  Not later than _____; or

D  ☐  Installments to commence _____ day(s) after the date of this judgment.

E  ☒  Pay outstanding monetary restitution of **$30,894** in equal monthly installments of **$150** to commence **30 days** after release from imprisonment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Unless the court expressly orders otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the Clerk of the Court.

☒  **NO RESTITUTION OR OTHER FINANCIAL PENALTY SHALL BE COLLECTED THROUGH THE INMATE FINANCIAL RESPONSIBILITY PROGRAM**.

If the entire amount of criminal monetary penalties is not paid prior to the commencement of supervision, the balance shall be paid:

☐  in equal monthly installments during the term of supervision; or

☐  on a nominal payment schedule of $_____ per month during the term of supervision.

The U.S. probation officer may recommend a modification of the payment schedule depending on the defendant's financial circumstances.

Special instructions regarding the payment of criminal monetary penalties:
☐  Joint and Several

Case Number
Defendant and Co-Defendant
Names *(including defendant number)*                    Total Amount                    Joint and Several Amount                    Corresponding Payee, if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States:

**See attached Preliminary Order of Forfeiture**.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**JA46**

## APPEAL TRANSMITTAL SHEET (non-death penalty)

| | | |
|---|---|---|
| **Transmittal to 4CCA of notice of appeal filed:** 10/03/23 | **District:** Maryland | **District Case No.:** 8:21-cr-460-TDC |
| ✓ First NOA in Case | **Division:** Greenbelt | **4CCA No(s). for any prior NOA:** |
| ___ Subsequent NOA-same party | | |
| ___ Subsequent NOA-new party | **Caption:** | **4CCA Case Manager:** |
| ___ Subsequent NOA-cross appeal | United States of America | |
| ___ Paper ROA   ___ Paper Supp. | v. | |
| Vols: _____ | Samuel Sullivan, Jr. | |
| Other: | | |

**Exceptional Circumstances:** ___ Bail ___ Interlocutory ___ Recalcitrant Witness ___ Other _____

| | |
|---|---|
| **Confinement**-Criminal Case: | **Fee Status:** |
| ___ Death row-use DP Transmittal | ___ No fee required (USA appeal)   ___ Appeal fees paid in full   ✓ Fee not paid |
| ___ Recalcitrant witness | **Criminal Cases:** |
| ✓ In custody | ✓ District court granted & did not revoke CJA status (continues on appeal) |
| ___ On bond | ___ District court granted CJA & later revoked status (must pay fee or apply to 4CCA) |
| ___ On probation | ___ District court never granted CJA status (must pay fee or apply to 4CCA) |
| **Defendant Address**-Criminal Case: | **Civil, Habeas & 2255 Cases:** |
| | ___ Court granted & did not revoke IFP status (continues on appeal) |
| | ___ Court granted IFP & later revoked status (must pay fee or apply to 4CCA) |
| | ___ Court never granted IFP status (must pay fee or apply to 4CCA) |
| **District Judge:** | **PLRA Cases:** |
| Hon. Theodore D. Chuang | ___ Proceeded PLRA in district court, no 3-strike determination (must apply to 4CCA) |
| | ___ Proceeded PLRA in district court, determined to be 3-striker (must apply to 4CCA) |
| **Court Reporter** (list all): | |
| FTR, Patricia Klepp, Kathy Cortopassi | **Sealed Status** (check all that apply): |
| | ✓ Portions of record under seal |
| | ___ Entire record under seal |
| | ___ Party names under seal |
| **Coordinator:** | ___ Docket under seal |

| | |
|---|---|
| **Record Status for Pro Se Appeals** (check any applicable): | **Record Status for Counseled Appeals** (check any applicable): |
| ✓ Assembled electronic record available upon request | ___ Assembled electronic record available upon request |
| ___ Additional sealed record available upon request | ___ Additional sealed record available upon request |
| ___ Paper record or supplement available upon request | ___ Paper record or supplement available upon request |
| ___ No in-court hearings held | ___ No in-court hearings held |
| ___ In-court hearings held – all transcript on file | ___ In-court hearings held – all transcript on file |
| ✓ In-court hearings held – all transcript not on file | ___ In-court hearings held – all transcript not on file |
| ___ Other: | ___ Other: |

Deputy Clerk: A. Vincent     Phone: 410-962-0993     Date: 10/17/23

10/2022

## JA47