# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-4650 |
| | Dist. Ct. No. 21-cr-460 |
| *Plaintiff-Appellee,* | District of Maryland |
| v. | |
| SAMUEL SULLIVAN, JR., | |
| *Defendant-Appellant.* | |

### APPOINTED CJA APPELLATE COUNSEL'S RESPONSE TO LETTER (ECF 28) AND MOTION TO WITHDRAW APPEARANCE

Michael F. Smith ("Counsel"), appointed CJA appellate counsel for Defendant-Appellant Samuel Sullivan, Jr. ("Mr. Sullivan"), files this Response to Mr. Sullivan's Letter filed Friday, May 24, 2024 (ECF 28) along with this Motion to Withdraw Appearance. Counsel states:

1. Counsel was appointed CJA Counsel for Mr. Sullivan on October 23, 2023. ECF 2-1 Order. After obtaining various briefing extensions and conducting diligent legal research, Counsel determined that notwithstanding Mr. Sullivan's plea agreement and appeal waiver, a valid appeal issue existed in the district court's failure to announce to him at sentencing the non-mandatory conditions of supervised release

that its written Judgment imposed. *United States v. Rogers*, 961 F.3d 291, 296-298 (4th Cir. 2020). Counsel prepared Mr. Sullivan's opening brief to file by the April 29, 2024 deadline.

2. Inasmuch as current Circuit caselaw gives a defendant presenting a *Rogers* issue the option to request a full resentencing or resentencing only as to supervised release, Counsel set up a legal call with Mr. Sullivan on April 26, 2024, in advance of the brief's due date, to fully advise him of the ramifications of requesting full vs. partial resentencing and to obtain his direction as to which he wished to request. *See United States v. Singletary*, 75 F.4th 416, 427 & fn. 7 (4th Cir. 2023). Consistent with Mr. Sullivan's directive throughout the April 26 legal call that he wished a full resentencing, Counsel on April 29 filed sealed and public copies of Mr. Sullivan's opening brief requesting that relief.

3. After Counsel filed his opening brief, Mr. Sullivan wrote a letter to this Court, which Counsel received when the Clerk posted it via ECF on May 2, 2024, recounting various items he and Counsel had discussed on the April 26 legal call and indicating misgivings about

2

seeking a full resentencing. ECF 24. (At Counsel's request, the Clerk later restricted ECF access to the letter).

4. Counsel arranged and conducted another legal call on May 8, 2024, during which Mr. Sullivan informed him of additional concerns he had regarding a potential resentencing. Given those concerns, which Counsel will not relate here, Counsel advised Mr. Sullivan a third potential option would be for Mr. Sullivan to withdraw his appeal altogether. Following the call, Counsel researched the issues about which Mr. Sullivan expressed concern, and on May 13 wrote Mr. Sullivan a letter outlining his findings on those issues. Counsel also advised that he would set up another legal call to discuss the matter further and obtain Mr. Sullivan's final decision as to whether he wished to seek leave to amend the opening brief, or leave it in place.

5. Unbeknownst to Counsel until May 28, also on May 13 Mr. Sullivan wrote his letter to the Court firing Counsel.

6. Given that the Government's opening brief was due May 22, Counsel on May 15 notified the Government of the possibility of Mr. Sullivan seeking leave to file an amended brief, and suggested the Government seek a deadline extension while the issue was being

3

resolved. The Government on May 19 moved for a 33-day extension, ECF 26, which this Court granted. ECF 27.

6. On May 16, 2024, staff at FCI Gilmer confirmed for Counsel another legal call could be held on May 22. However on May 22, FCI Gilmer staff informed Counsel that when Mr. Sullivan had been summoned for the legal call, he told staff he didn't wish to speak to Counsel.

7. On Friday afternoon, May 24, 2024, the Clerk's Office posted through ECF Mr. Sullivan's letter to the Court dated May 13, 2024, firing Counsel. ECF 28. Counsel first reviewed that letter upon returning to his office Tuesday, May 28, following the Memorial Day holiday.

8. Based on Mr. Sullivan's declining to participate in the May 22 legal call, and his May 13 letter that Counsel received May 28, there has been a breakdown in the attorney-client relationship such that Counsel can no longer continue representing Mr. Sullivan, and indeed Mr. Sullivan does not wish him to. In a letter sent to Mr. Sullivan on May 22, following the aborted legal call but before he knew of the May 13 letter to the Court firing him, Counsel provided Mr. Sullivan the

4

five-day notice required by Md. Rule 2-132(b) of his intention to move to withdraw should Mr. Sullivan continue not to speak to him.

9. To the extent they can be understood, Counsel denies the allegations in Mr. Sullivan's May 13 letter, ECF 28. At no time did Counsel tell Mr. Sullivan he would "withdraw [his] direct appeal without [his] permission." To the contrary, Counsel told Mr. Sullivan at various times that if he wished to change the relief his April 29 opening brief requests, from a full resentencing to a partial resentencing, Counsel would file a motion with this Court seeking leave to file a revised brief. On the May 8 legal call he also told Mr. Sullivan a third option would be for Mr. Sullivan to withdraw his appeal if his concerns with either type of resentencing could not be addressed to his satisfaction.

10. Nor was Counsel "very controlling and reckless with handling [the] direct appeal." After Mr. Sullivan wrote his first letter to this Court, which divulged privileged attorney-client communications and which the Clerk's Office initially posted to the online docket and e-served the parties, ECF 24 (May 2, 2024) (now restricted), Counsel advised Mr. Sullivan both in writing and on the May 8 legal call that he

5

should refrain from doing that in his own interest, and that any further letters should be sent to Counsel, not to this Court, to which Mr. Sullivan agreed. This is the same direction the Clerk had independently given Mr. Sullivan. ECF 25 ("All future correspondence, including motions, should be sent to your attorney").

11.     In light of the foregoing, Counsel asks that the Court grant this motion, permit Counsel to withdraw his Appearance (ECF 5), and appoint new appellate counsel to represent Mr. Sullivan. Among other things, new counsel can determine whether or not Mr. Sullivan wishes to modify the relief requested in his April 29, 2024 opening brief, and proceed accordingly.

12.     Pursuant to LR 27(a), Counsel has informed the Government of the intended filing of this motion. The Government does not oppose Counsel's withdrawal.

13.     Counsel is serving Mr. Sullivan with this Response and Motion today via first-class mail addressed to him at FCI Gilmer.

WHEREFORE, Michael F. Smith asks this Court to grant this motion, permit him to withdraw his Appearance as appointed CJA

6

Counsel for Appellant Samuel Sullivan, Jr., and appoint new appellate counsel for Mr. Sullivan.

>                             Respectfully submitted,
>
>                             THE SMITH APPELLATE LAW FIRM
>
>                             /s/   Michael F. Smith
>                             By: Michael F. Smith
>                             7566 Main Street, Suite 307
>                             Sykesville, MD  21784
>                             (202) 454-2860 (direct dial)
>                             (202) 747-5630 (fax)
>                             smith@smithpllc.com

Dated: May 29, 2024