**No. 23-4650**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**

**Appellee,**

**v.**

**SAMUEL SULLIVAN, JR.,**

**Appellant.**

---

*Appeal from the United States District Court for the
District of Maryland, Southern Division
The Honorable Theodore D. Chuang, U.S. District Judge*

---

**RESPONSE BRIEF OF APPELLEE
UNITED STATES OF AMERICA**

---

**Erek L. Barron**
**United States Attorney**

**Brandon K. Moore**
**Assistant United States Attorney**
**35 S. Charles Street, 4th Floor**
**Baltimore, Maryland 21201**
**(410) 209-4800**

**July 24, 2024**                    *Attorneys for the Appellee*

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ...........................................................1

ISSUES PRESENTED.............................................................................1

STATEMENT OF FACTS ........................................................................1

A.    District of Maryland's Standing Order ...........................................1

B.    The Plea Agreement and Presentence Report..................................4

C.    Sentencing........................................................................................6

    1.    The Standard Conditions...................................................6

    2.    The Special Conditions .....................................................8

D.    The Written Judgment......................................................................9

SUMMARY OF ARGUMENT...................................................................9

ARGUMENT ............................................................................................10

I.     THIS APPEAL SHOULD BE DISMISSED BECAUSE SULLIVAN
WAIVED THE RIGHT TO APPEAL HIS SENTENCE..............................10

II.    THE DISTRICT COURT FULLY SATISFIED *ROGERS* WHEN
ANNOUNCING THE STANDARD AND SPECIAL CONDITIONS.........11

    A.    Standard of Review .........................................................11

    B.    The District Court Incorporated the Standard Conditions From the
Standing Order, Guidelines, and Presentence Report .........................12

    C.    The District Court Read the Special Conditions Aloud and
Incorporated Them From the Presentence Report ..............................15

    D.    Nothing Affected Sullivan's Substantial Rights or the Fairness of the
Proceedings .........................................................................................17

E.      Even Under De Novo Review, Any Error Was Harmless ...................22

F.      The Proper Remedy for Any Reversible *Rogers* Error is a Limited Remand........................................................................................................22

III.    SULLIVAN'S INEFFECTIVE ASSISTANCE CLAIM IS NOT COGNIZABLE ON DIRECT APPEAL.........................................................25

A.      Standard of Review ...........................................................................25

B.      By Following *Rogers*, Sullivan's Counsel Rendered Completely Effective Assistance ............................................................................25

CONCLUSION ...........................................................................................................27

STATEMENT ON ORAL ARGUMENT

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

### CASES

*Strickland v. Washington*, 466 U.S. 668 (1984) ..................................25, 26

*United States v. Anstice*, 930 F.3d 907 (7th Cir. 2019) ...........................24

*United States v. Arce*, 49 F.4th 382 (4th Cir. 2022) ................................18

*United States v. Baptiste*, 596 F.3d 214 (4th Cir. 2010) ..........................25

*United States v. Cisson*, 33 F.4th 185 (4th Cir. 2022) .............................13

*United States v. Cohen*, 888 F.3d 667 (4th Cir. 2018) .............................11

*United States v. Davis*, No. 22-4174, 2023 WL 4488255 (4th Cir. July 12, 2023) (per curiam) ..............................................................................14

*United States v. Elbaz*, 52 F.4th 593 (4th Cir. 2022) ........................ 11, 13

*United States v. Faulls*, 821 F.3d 502 (4th Cir. 2016) ............................25

*United States v. Garcia*, No. 23-4543, 2024 WL 3178015 (4th Cir. June 26, 2024) (per curiam) ..............................................................................14

*United States v. Geddes*, 71 F.4th 1206 (10th Cir. 2023) ........................23

*United States v. Handakas*, 329 F.3d 115 (2d Cir. 2003) ........................24

*United States v. Hargrove*, 701 F.3d 156 (4th Cir. 2012) ........................22

*United States v. Hardin*, 998 F.3d 582 (4th Cir. 2021) ...........................24

*United States v. Jackson*, No. 21-4037, 2023 WL 20862 (4th Cir. Jan. 3, 2023) (per curiam) ..............................................................................14

*United States v. Kemp*, 88 F.4th 539 (4th Cir. 2023) ..................19, 20, 21

*United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018) ...............................24

*United States v. Lankford*, No. 22-4234, 2023 WL 4399232 (4th Cir. July 7, 2023) (per curiam) ..............................................................................15

*United States v. Martinez*, 47 F.4th 364 (5th Cir. 2022) .........................23

*United States v. Mathis*, 103 F.4th 193 (4th Cir. 2024)..............11, 14, 17, 21, 22, 23

*United States v. Matthews*, 54 F.4th 1 (D.C. Cir. 2022)..........................................23

*United States v. Mills*, 850 F.3d 693 (4th Cir. 2017)................................................17

*United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023) (en banc) ..........................23

*United States v. Price*, 777 F.3d 700 (4th Cir. 2015) ...............................................12

*United States v. Rodriguez*, 75 F.4th 1231 (11th Cir. 2023) ...................................24

*United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).....................................*passim*

*United States v. Singletary*, 984 F.3d 341 (4th Cir. 2021) ..........................11, 12, 21

*United States v. Taylor*, 54 F.4th 795 (4th Cir. 2022) ..............................................25

*United States v. Walker*, 80 F.4th 880 (8th Cir. 2023).............................................24

## STATUTES

18 U.S.C. § 924(c) ........................................................................................................4

18 U.S.C. § 1951(a) ......................................................................................................4

18 U.S.C. § 2113(a)......................................................................................................4

18 U.S.C. § 3013(a) ..............................................................................................6, 19

18 U.S.C. § 3231 ..........................................................................................................1

18 U.S.C. § 3583(e) ....................................................................................................24

18 U.S.C. § 3663A ................................................................................................6, 19

18 U.S.C. § 3742 .....................................................................................................1, 23

28 U.S.C. § 1291 ..........................................................................................................1

28 U.S.C. § 2106 ........................................................................................................23

28 U.S.C. § 2111 ........................................................................................................22

# OTHER AUTHORITIES AND SOURCES

Fed. R. Crim. P. 32.1(c) ............................................................24

Fed. R. Crim. P. 52(a)...............................................................22

U.S.S.G. § 5D1.3 (2021).............................................4, 5, 12, 13, 18, 19

*In re Conditions of Supervised Release*, Standing Order 2020-13, Misc. No. 00-0308, ECF No. 105 (D. Md. June 10, 2020)...........................................2, 12, 13, 18

Petition for Rehearing En Banc in *United States v. Mathis*, No. 21-4578, ECF No. 64 (4th Cir. July 12, 2024) ...............................................................23

## JURISDICTIONAL STATEMENT

The district court (Hon. Theodore D. Chuang, J.) sentenced Appellant Samuel Sullivan, Jr., to 288 months' imprisonment followed by five years of supervised release. JA 40–42. The district court had jurisdiction under 18 U.S.C. § 3231. Sullivan timely appealed. JA 226–228. This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## ISSUES PRESENTED

1.      Whether, notwithstanding current precedent, this appeal should be dismissed under a knowing and intelligent appeal waiver.

2.      Whether the district court satisfied *Rogers* when it imposed discretionary conditions of supervised release by incorporation or by announcing each one aloud, and whether any such error is harmless or should be corrected with a limited remand.

3.      Whether an ineffective assistance claim on direct appeal is cognizable where the record conclusively shows that defense counsel followed *Rogers*.

## STATEMENT OF FACTS

### A.      District of Maryland's Standing Order

On June 2, 2020, this Court decided *United States v. Rogers*, holding that district courts must "orally pronounce" discretionary conditions of supervised release during the sentencing hearing. *See* 961 F.3d 291, 297 (4th Cir. 2020). In

doing so, the Court explained that a district court "may satisfy its obligation" by "incorporating" conditions from another source—like a court-wide standing order—then "detailing those conditions in the written judgment." *Id.* at 299.

The following week, the District of Maryland issued Standing Order 2020-13. *See In re Conditions of Supervised Release*, Standing Order 2020-13, Misc. No. 00-0308, ECF No. 105 (D. Md. June 10, 2020), also available at: https://www.mdd.uscourts.gov/sites/mdd/files/2020-13.pdf (last accessed July 24, 2024). The standing order lists 13 standard conditions "to be included in every judgment imposing a term of Supervised Release":

- You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

- After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

- You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.

- You must answer truthfully the questions asked by your probation officer.

- You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the

2

probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

- You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

- You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

- You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

- If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

- You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

- You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.

- If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

- You must follow the instructions of the probation officer related to the conditions of supervision.

*Id.* at 2–4.

Other than using different points of view (referring to "the defendant" rather than "you"), the standard conditions in the standing order match verbatim the conditions listed in the Guidelines Manual. *See* U.S.S.G. § 5D1.3(c) (2021).

## B.    The Plea Agreement and Presentence Report

While on federal supervised release, Appellant Samuel Sullivan, Jr., robbed and attempted to rob several banks and business, some of which at gunpoint. JA 35–36. In March 2023, he pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a), attempted and substantive Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). JA 22–36. He also admitted to several supervised release violations. *Id.*

In the plea agreement, Sullivan waived the right to appeal his sentence for the substantiative offenses, unless it exceeded the Guidelines range resulting from an offense level 31 for the robbery offenses. JA 30–31. In other words, he waived the right to appeal unless the sentence for the robbery offenses exceeded 168

4

months.  *See* JA 123.  He waived altogether the right to appeal his sentence for the

supervised release violations.  JA 31.  During the guilty plea hearing, the district

court confirmed that Sullivan had understood and voluntarily agreed to those

waivers.  JA 75–76, JA 82.

The U.S. Probation Office prepared Sullivan's presentence report.  JA 98–

127.  The presentence report included 13 standard conditions, plainly labeled as

"Standard Conditions of Supervision."  JA 125–126.  Importantly, those conditions

matched the standing order and § 5D1.3(c).  *Id.*

The presentence report also recommended five special conditions that would

require Sullivan to (1) participate in substance abuse treatment, (2) submit to

substance abuse testing, (3) participate in mental health treatment, (4) pay

restitution, and (5) pay a special assessment.  JA 126.

Notably, Sullivan repeatedly asked for substance abuse and mental health

treatment.  He told the probation officer that he "would like to participate in

substance abuse treatment" because his substance abuse "was only making his

problems worse."  JA 117.  Sullivan's sentencing memo conveyed that he "deeply

desires mental health and substance abuse treatment."  JA 136.  He "request[ed]

. . . all mental health and substance abuse treatment programs for which he is

eligible in the Bureau of Prisons."  JA 136.  And he requested designation to

specific facilities because he "desire[d] intensive mental health treatment."

5

JA 141.  The final two special conditions reiterated financial payments that
Sullivan was already required by statute to make.  *See* 18 U.S.C. §§ 3013(a)(2)
(special assessment), 3663A (restitution).  Sullivan had agreed on the final amounts
in advance ($400 for the special assessment, $30,894 for the restitution).  JA 24,
JA 207.

Understandably, Sullivan did not object to the recommended conditions in
the presentence report.  JA 122.

## C.    Sentencing

On September 20, 2023, the district court sentenced Sullivan to a total of
288 months in prison, followed by five years of supervised release.  JA 10, JA 176,
JA 220.  This included 168 months for the robbery offenses.  JA 218–219.  The
district court also imposed the 13 standard conditions (corresponding with the
standing order, Guidelines, and presentence report) and the 5 special conditions
(corresponding with the presentence report).  JA 220–221.

### 1.    The Standard Conditions

Several steps were taken to address the standard conditions.  *First*, at the
beginning of the sentencing hearing, the district court confirmed that Sullivan had
reviewed the presentence report.  Sullivan confirmed that he had no objections:

> THE COURT:       Okay.  So, [defense counsel], I have received
> and reviewed the presentence report.  Have you and your client had the
> opportunity to do so?  And do you have any remaining objections to it?

\*     \*     \*

DEFENSE COUNSEL:   We have reviewed the report, and there are no remaining objections.

THE COURT:       Okay.

JA 178–179.

*Second*, while explaining the sentence, the district court announced—the first time—that it was imposing the standard conditions.  While doing this, it confirmed that defense counsel had no issue with imposing them by incorporation:

THE COURT:       In addition to the standard and statutory conditions of supervised release, I will impose -- which, first off, [defense counsel], is there any reason why I need to recite all the terms of supervised release, the standard and statutory ones?

DEFENSE COUNSEL:   No, Your Honor.

JA 220.

*Finally*, the district court announced—a second time—that it was imposing the standard conditions, doing so by incorporation:

THE COURT:       In addition to those and *the standard and statutory conditions* of supervised release, the Court *will impose* the following special conditions[.]

JA 220 (emphasis added).

## 2.     The Special Conditions

When imposing the five special conditions, the district court read each one

aloud:

| Condition | Announcement |
|---|---|
| (1) Substance Abuse Treatment | "First, that you participate in a substance abuse treatment program and follow the rules and regulations of that program.  And the probation officer will supervise your participation in that program."  JA 220. |
| (2) Substance Abuse Testing | "You must submit to substance abuse testing to determine if you used a prohibited substance.  And you must not attempt to obstruct of tamper with the testing methods."  JA 220. |
| (3) Mental Health Treatment | "You must participate in a mental health treatment program and follow the rules and regulations of that program.  And the probation officer, in consultation with the treatment provider, will supervise your participation in that program."  JA 220–221. |
| (4) Restitution | "You must pay the outstanding monetary restitution at a rate of $150 per month to start 30 days after release from imprisonment. . . . As I just mentioned, there will be an order of restitution included in the judgment of $30,894 payable at the rate I just described."  JA 221. |
| (5) Special Assessment | "And you must pay the special assessment of $400."  JA 221. |

**D.      The Written Judgment**

The district court entered a written judgment with the same 13 standard conditions from the standing order, Guidelines, and presentence report.  JA 43–44. The written judgment also included the five special conditions announced at sentencing: (1) substance abuse treatment, (2) substance abuse testing, (3) mental health treatment, (4) $30,894 in restitution, and (5) the $400 special assessment. JA 44.  Sullivan timely appealed.  JA 47, JA 226–228.

## SUMMARY OF ARGUMENT

1.      Under current precedent, *Rogers* errors and ineffective assistance claims can be raised on direct appeal despite an appeal waiver in the defendant's plea agreement.  Nevertheless, the Government maintains this appeal should be dismissed.  Sullivan knowingly and intelligently waived the right to appeal his sentence, and this appeal does not fall within any exception to that waiver.

2.      The district court fully complied with *Rogers* when imposing the discretionary conditions of supervised release.  The district court twice imposed the standard conditions by incorporating them from the standing order, Guidelines, and presentence report.  Even if that announcement were ambiguous, the written judgment confirms the district court's intent to incorporate the standard conditions from those sources.  Likewise, the district court imposed the special conditions by reading each one aloud.  Even if each individual reading were deficient, the district

9

court also satisfied *Rogers* by incorporation.  It read or paraphrased the special conditions from the presentence report, and the written judgment confirms the district court's intent to incorporate the special conditions from the presentence report.

Because there was no error or because any error was harmless and his substantial rights were not affected, this Court should affirm.  If this Court finds reversible *Rogers* error, the proper remedy is a limited remand to correct any problematic conditions.

3.      Finally, on its face, the record conclusively shows that Sullivan's trial counsel rendered entirely effective assistance.  Trial counsel followed the abundant case law allowing district courts to impose discretionary conditions through incorporation.  Plus, the district court signaled that it would have simply recited the conditions had trial counsel took issue with incorporation.  Sullivan's ineffective assistance claim therefore is not cognizable on direct appeal, and the Court should decline to address it.

## ARGUMENT

## I.      THIS APPEAL SHOULD BE DISMISSED BECAUSE SULLIVAN WAIVED THE RIGHT TO APPEAL HIS SENTENCE.

Current precedent holds that *Rogers* errors and ineffective assistance claims can be raised on direct appeal despite a valid appeal waiver in a plea agreement.

*See United States v. Singletary* 984 F.3d 341, 344–45 (4th Cir. 2021); *United States v. Cohen*, 888 F.3d 667, 683 (4th Cir. 2018).

Understanding that precedent remains binding, and in an effort to preserve fully the appellate waiver should there be subsequent litigation, the Government nevertheless maintains that Sullivan's appeal waiver bars this claim. He knowingly and intelligently waived the right to appeal his sentence. JA 30–31. The only exception to the waiver, tied to an offense level 31 for the robbery offenses, does not apply here because the district court imposed a 168-month sentence for those offenses. JA 30–31, JA 218–219. This appeal should be dismissed.

## II. THE DISTRICT COURT FULLY SATISFIED *ROGERS* WHEN ANNOUNCING THE STANDARD AND SPECIAL CONDITIONS.

### A. Standard of Review

Ordinarily, this Court reviews for *Rogers* error de novo. *United States v. Mathis*, 103 F.4th 193, 196 n.5 (4th Cir. 2024) (citation omitted). But the presentence report put Sullivan on notice of the standard and special conditions. He did not object to the conditions in the presentence report. He did not object when the district court imposed the standard conditions by incorporation. And he did not object when the district court read the special conditions aloud. As such, the Court reviews for plain error. *United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir. 2022) (citation omitted).

11

Under plain error review, this Court must affirm unless (1) there is error; (2) that is plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Price*, 777 F.3d 700, 711 (4th Cir. 2015).

**B.    The District Court Incorporated the Standard Conditions From the Standing Order, Guidelines, and Presentence Report.**

There was no error, let alone plain error, as to the standard conditions. The district court fully complied with *Rogers* by incorporating—two separate times—the standard conditions from the standing order, Guidelines, and presentence report.

To impose a non-mandatory condition of supervised release in a written judgment, the district court must announce that condition during the sentencing hearing. *See Singletary*, 984 F.3d at 345; *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). Relevant here, the district court can accomplish this task by incorporating a list of written conditions from a standing order, the Guidelines, or a presentence report. *See Rogers*, 961 F.3d at 299 (recognizing that a court may incorporate recommended conditions in the Guidelines, a standing order, or presentence report).

That is precisely what the district court did here. The standing order includes 13 standard conditions "in every judgment." Standing Order 2020-13 at 2. Those conditions came directly from § 5D1.3(c). The probation office

12

recommended those conditions in Sullivan's presentence report. JA 125–126. After ensuring that Sullivan knew about the conditions, JA 178–179, and did not object to them or need them repeated, JA 220, the district court incorporated them into the written judgment, *id*.

Sullivan offers no valid argument otherwise, claiming instead that no discretionary conditions were announced at all. That is not what actually happened. The district court, in fact, announced the conditions twice. The first time, the district court said, "In addition to the *standard and statutory conditions* of supervised release, I *will impose* . . . ." JA 220 (emphasis added). The second time, the district court said, "In addition to those and *the standard and statutory conditions* of supervised release, the Court *will impose* . . . ." *Id.* (emphasis added).

To no one's surprise, the conditions in the written judgment matched the conditions from the standing order, Guidelines, and presentence report. *Compare* Standing Order 2020-13 at 2–4, *with* JA 43–44, *and* U.S.S.G. § 5D1.3(c). There is zero ambiguity here. *See United States v. Cisson*, 33 F.4th 185, 194 (4th Cir. 2022) ("[T]here is no other set of 'standard' conditions to which the court could have been referring."); *Elbaz*, 52 F.4th at 612 ("[T]he Guidelines conditions are the most obvious meaning in context.").

Even if the announcement were ambiguous, the written judgment confirms the district court's intent. Where there is ambiguity, the written judgment "may serve to clarify the sentence." *Mathis*, 103 F.4th at 197. "[S]o long as the defendant is informed orally that a certain set of conditions will be imposed," then "a later-issued written judgment that details those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral pronouncement." *Rogers*, 961 F.3d at 299 (citation omitted).

Where, like here, the written judgment mirrors the source material, the district court fulfills *Rogers*. *See, e.g.*, *United States v. Garcia*, No. 23-4543, 2024 WL 3178015, at *2 (4th Cir. June 26, 2024) (per curiam) (satisfying *Rogers* where the "judgment correspond[ed]" with "the court's standing order"); *United States v. Davis*, No. 22-4174, 2023 WL 4488255, at *1 (4th Cir. July 12, 2023) (per curiam) (satisfying *Rogers* where the "standing order match[ed]" the "written criminal judgment"); *United States v. Jackson*, No. 21-4037, 2023 WL 20862, at *2 (4th Cir. Jan. 3, 2023) (per curiam) (satisfying *Rogers* where the "judgment mirrors" the "Standing Order").

Such is the case here, as the written judgment, standing order, Guidelines, and presentence report all match. This dispels any ambiguity and confirms the intent to impose the standard conditions from those sources. Sullivan cannot satisfy the first two plain error prongs for the standard conditions.

14

**C.    The District Court Read the Special Conditions Aloud and Incorporated Them From the Presentence Report.**

There also was no error, let alone plain error, as to the special conditions. The district court fulfilled *Rogers* by announcing each special condition aloud. JA 220–221.  That is exactly what *Rogers* requires.  The lone differences between the announcement and written judgment serve only to fill in non-material details, like describing what treatment specifics the probation officer will supervise (provider, location, modality, duration, intensity, etc.).  *See Rogers*, 961 F.3d at 299 ("[A] later-issued written judgment that details those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral pronouncement.").  The differences add no new restrictions or obligations.

Even if the announcement were deficient, the district court complied with *Rogers* in a different way by incorporating the conditions from the presentence report.  *See United States v. Lankford*, No. 22-4234, 2023 WL 4399232, at *1 (4th Cir. July 7, 2023) (per curiam) (concluding "the district court properly announced, through incorporation, the special conditions" by paraphrasing from the presentence report).  A comparison of the language confirms that the district court read or paraphrased the conditions from the presentence report:

| Announcement | Written Judgment | Presentence Report |
|---|---|---|
| "First, that you participate in a substance abuse treatment program and follow the rules and | "You must participate in a substance abuse treatment program and follow the rules and | "You must participate in a substance abuse treatment program and follow the rules and |

15

| | | |
|---|---|---|
| regulations of that program.  And the probation officer will supervise your participation in that program." JA 220. | regulations of that program.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)". JA 44. | regulations of that program.  The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)." JA 126. |
| "You must submit to substance abuse testing to determine if you used a prohibited substance.  And you must not attempt to obstruct of tamper with the testing methods." JA 220. | "You must submit to substance abuse testing to determine if you have used a prohibited substance.  You must not attempt to obstruct or tamper with the testing methods." JA 44. | "You must submit to substance abuse testing to determine if you have used a prohibited substance.  You must not attempt to obstruct or tamper with the testing methods." JA 126. |
| "You must participate in a mental health treatment program and follow the rules and regulations of that program.  And the probation officer, in consultation with the treatment provider, will supervise your participation in that program." JA 220–221. | "You must participate in a mental health treatment program and follow the rules and regulations of that program.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)." JA 44. | "You must participate in a mental health treatment program and follow the rules and regulations of that program.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)." JA 126. |
| "You must pay the outstanding monetary restitution at a rate of $150 per month to start 30 days after release from imprisonment. . . . | "You must pay outstanding monetary restitution order imposed by the Court of $30,894, at a rate of $150 per month to commence 30 | "You must pay outstanding monetary restitution order imposed by the Court of $27,546, at a rate of $150 per month to commence 30 days after release from |

16

| As I just mentioned, there will be an order of restitution included in the judgment of $30,894 payable at the rate I just described." JA 221. | days after release from imprisonment[.]" JA 44. | imprisonment[.]" JA 126. |
|---|---|---|
| "And you must pay the special assessment of $400." JA 221. | "You must pay the special assessment of $400." JA 44. | "You must pay the special assessment of $400." JA 126. |

This clarifies the sentence and shows the district court's intent to impose the special conditions in the presentence report.[1] *Mathis*, 103 F.4th at 197. Thus, the district court fully comported with *Rogers* in multiple ways when announcing the special conditions. There is no error, let alone plain error.

### D.   Nothing Affected Sullivan's Substantial Rights or the Fairness of the Proceedings.

Sullivan does not argue, much less establish, that any error prejudiced his substantial rights or seriously affected the fairness of the proceedings. Nor can he.

*First*, the record overwhelmingly shows the district court would have imposed the exact same conditions and sentence absent any *Rogers* error. Plain-error relief is unavailable where, without the error, "the district court would have likely imposed the same sentence." *United States v. Mills*, 850 F.3d 693, 700

---

[1] The language is so consistent that the restitution condition—as it appears in the written judgment and presentence report—is missing the same word: "You must pay [*the*] outstanding monetary restitution order imposed by the Court." JA 44, JA 126.

(4th Cir. 2017). By asking if "there [was] any reason" to "recite all the [standard] terms of supervised release," it shows that the district court knew about—and tried to fulfill—its *Rogers* obligations. JA 220. Had a *Rogers* error existed, the district court would have tried again.

On top of that, the circumstances warranted each discretionary condition. *See United States v. Arce*, 49 F.4th 382, 396 (4th Cir. 2022) (explaining that the conditions must be "'reasonably related' to the nature and circumstances of the offense, . . . and the statutory goals of deterrence, protection of the public, and rehabilitation"). The standard conditions came straight from the standing order and Guidelines. The Guidelines note that "[s]everal" of the standard conditions "are expansions of the conditions required by statute." U.S.S.G. § 5D1.3(c). The judges in the District of Maryland determined that the standard conditions "establish the basic expectations of behavior for persons on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court about, and bring about improvements in the conduct and conditions of persons on supervision." Standing Order 2020-13 at 2. As such, the presentence report recommended them without objection.

Each special condition corresponded to a clear area of need or a statutory requirement. Sullivan *asked for* substance abuse and mental health treatment. JA 117, JA 136, JA 141. By his own admission, he committed the instant offenses

18

while "in the throes" of a serious drug addiction and after battling mental health

issues for years.  JA 136–137.  Not only is substance abuse testing tailored to

address those issues, but it is also necessary to carry out the substance abuse

treatment.  The Guidelines recommend treatment and testing conditions when there

is "reason to believe" the defendant needs them, like here.  U.S.S.G.

§§ 5D1.3(d)(4), (5).

What's more, Sullivan is required by statute to pay a special assessment and

restitution.  *See* 18 U.S.C. §§ 3013(a)(2) (special assessment), 3663A (restitution).

He agreed on the amounts in advance.  JA 24, JA 32, JA 207.  And the district

court imposed the exact same obligations (including the amounts, installments,

timing, and name of payee) under the "Criminal Monetary Penalties" and

"Schedule of Payments" portions of the written judgment, wholly independent

from the conditions of supervised release.  JA 45–46.

Announcing these conditions in a different way would not lead to the

imposition of a different set conditions.  Nor would a different announcement lead

to the imposition of a different sentence, as the district court chose 288 months

with the discretionary conditions in mind.

To be sure, the Court in *United States v. Kemp* noticed a *Rogers* error even

though the Government claimed that "resentencing would be no more than an

empty formality."  88 F.4th 539, 546 (4th Cir. 2023).  But *Kemp* is readily

19

distinguishable. *Kemp* involved one kind of *Rogers* claim—where the written judgment included several conditions that were never mentioned during sentencing. Because the district court in *Kemp* said nothing about the unannounced conditions, it was impossible to gauge what impact, if any, the error had on the *length* of the sentence. *See id.* at 547 (explaining that the error "could affect his term of incarceration").

Sullivan's case, in contrast, involves a different kind of *Rogers* claim— where the district court announced the conditions at sentencing. The real dispute here is whether the announcement was adequate. There is no question about the length of Sullivan's sentence. Rather, the record here shows the district court genuinely trying to satisfy *Rogers* and what it expects the sentence to be: 288 months.

*Second*, the proceedings substantively complied with the principles underpinning *Rogers*. The whole point behind *Rogers* is to give the defendant a "meaningful opportunity to object." 961 F.3d at 298. Sullivan had every opportunity to object and never did so. The presentence report put Sullivan on notice of the standard and special conditions. JA 124. Sullivan reviewed the presentence report and submitted no written objections to the conditions. JA 122. Trial counsel filed a lengthy sentencing memo, never once challenging the standard or special conditions. JA 128–146. When asked directly about the presentence

report during sentencing, Sullivan again lodged no objections. JA 179. And when Sullivan personally addressed the district court in allocution, he did not address or question the conditions. JA 214–215. The written judgment then included the discretionary conditions as Sullivan saw and understood them from the presentence report.

*Third*, no one asked the district court to clarify its announcement. JA 220–221. In fact, the parties identified no issues when the district court asked if there was "anything else we should discuss while we're here today." JA 224. Rather than object or seek clarification, Sullivan told the district court to "[h]ave a good day." *Id.* There was zero concern or confusion.

*Finally*, on appeal, Sullivan articulates no substantive problem with the conditions and does not describe how they should change on remand. Indeed, in his handwritten notice of appeal, Sullivan complained about issues other than the discretionary conditions. *See* JA 226–227. This places him on fundamentally different footing than the defendants who lodged substantive objections with their conditions. *See, e.g.*, *Singletary*, 984 F.3d at 346–47 (lodging a delegation challenge against a condition not mentioned during sentencing). It also distinguishes Sullivan from defendants who identified what changes should be made. *See, e.g.*, *Mathis*, 103 F.4th at 198 (wanting to strike the offending condition); *Kemp*, 88 F.4th at 546 (same).

Accordingly, Sullivan has not and cannot show that any error affected his substantial rights or the fairness of his proceedings. His *Rogers* claim cannot withstand plain-error review.

### E.    Even Under De Novo Review, Any Error Was Harmless.

Alternatively, for the same reasons, Sullivan's claim would fail even under de novo review because any *Rogers* error was harmless. Federal Rule of Criminal Procedure 52(a) and 28 U.S.C. § 2111 "mandate" the Court to disregard harmless errors that do not affect substantial rights. *United States v. Hargrove*, 701 F.3d 156, 163 (4th Cir. 2012). Here, the record confirms (1) the district court tried to properly announce every discretionary condition consistent with how each one appears in the written judgment, and (2) it chose a specific sentence length with those conditions in mind.

Because the district court would have arrived at the same place absent any *Rogers* error, the error would be harmless. *See Mathis*, 103 F.4th at 199 n.6 (explaining that certain *Rogers* errors "may implicate 28 U.S.C. § 2111's command that we do not reverse or vacate for errors which do not affect substantial rights").

### F.    The Proper Remedy for Any Reversible *Rogers* Error is a Limited Remand.

Should the Court find a reversible *Rogers* error, the proper remedy is a limited remand to correct the problematic conditions. The Government recognizes that a panel of this Court in *Mathis* recently reaffirmed that the default remedy for

22

*Rogers* error is a full resentencing. *See Mathis*, 103 F.4th at 198–200. The panel, however, unanimously suggested that the full Court reconsider that rule. *See id.* at 199 ("Maybe one day, we'll revisit our outlier approach to *Rogers-Singletary* errors."). Moreover, the Government has petitioned for rehearing en banc in *Mathis*, urging the full Court to adopt a limited remand as the default remedy. *See* Petition for Rehearing En Banc in *United States v. Mathis*, No. 21-4578, ECF No. 64 (4th Cir. July 12, 2024).

Here, a limited remand would be the appropriate remedy for the same reasons asserted by the Government in the *Mathis* en banc petition. Specifically, *Rogers* requires a full resentencing as the only appropriate remedy in every case, in contrast with the statutes allowing each panel to craft case-specific remedies as appropriate. *See* 18 U.S.C. §§ 3742(f)(1), (2)(A) & (B); 18 U.S.C. § 3742(g); 28 U.S.C. § 2106.

*Rogers* is also the lone outlier in the courts of appeal. Some Circuits let panels direct the district court to conform the written judgment with the oral announcement. *See United States v. Geddes*, 71 F.4th 1206, 1217 (10th Cir. 2023); *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022); *United States v. Matthews*, 54 F.4th 1, 6 (D.C. Cir. 2022). Other Circuits let panels vacate unannounced conditions and remand for limited proceedings to reconsider those conditions. *See United States v. Montoya*, 82 F.4th 640, 656 (9th Cir. 2023)

23

(en banc); *United States v. Walker*, 80 F.4th 880, 882 (8th Cir. 2023); *United States v. Rodriguez*, 75 F.4th 1231, 1249 (11th Cir. 2023); *United States v. Anstice*, 930 F.3d 907, 910 (7th Cir. 2019); *United States v. Handakas*, 329 F.3d 115, 119 & n.1 (2d Cir. 2003).

Section 3583(e)(2) independently authorizes the district court to reimpose an unannounced condition of release after sentencing.  *See* 18 U.S.C. § 3583(e)(2).  No hearing is required if the defendant waives it, or the modifications are favorable to the defendant and the Government does not object.  *See* Fed. R. Crim. P. 32.1(c).

A limited remand also comports with other aspects of the Court's sentencing precedent.  For example, when a condition is found to be procedurally or substantively unreasonable, it does not require a full resentencing.  Instead, the Court may vacate the challenged conditions and remand so the district court can amend the written judgment or conduct a resentencing as to those conditions alone.  *See United States v. Hardin*, 998 F.3d 582, 593 n.14 (4th Cir. 2021).  Finally, *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018), upon which the current default remedy for *Rogers* error is based, does not suggest that full resentencings are required for every *Rogers* error.

Accordingly, the proper remedy here would be a limited remand to correct any problematic conditions.

## III. SULLIVAN'S INEFFECTIVE ASSISTANCE CLAIM IS NOT COGNIZABLE ON DIRECT APPEAL.

### A. Standard of Review

Ineffective assistance claims on direct appeal are reviewed de novo. *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016) (citation omitted).

### B. By Following *Rogers*, Sullivan's Counsel Rendered Completely Effective Assistance.

Sullivan claims that his trial counsel was ineffective for waiving an individual reading of each discretionary condition. This claim must fail. "Claims of ineffective assistance of counsel may be raised on direct appeal only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *Faulls*, 821 F.3d at 507–08.

Here, the record conclusively shows that trial counsel rendered completely effective assistance. "To succeed on a claim of ineffective assistance of counsel, a movant must show that (1) counsel's performance was constitutionally deficient, and (2) such deficient performance prejudiced her defense." *United States v. Taylor*, 54 F.4th 795, 803 (4th Cir. 2022) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Sullivan satisfies neither prong.

*First*, trial counsel followed the abundant case law allowing the district court to "satisfy its obligation" through "incorporation." *Rogers*, 961 F.3d at 299. After confirming that his client had reviewed the conditions in the presentence report, and had no objection to them, trial counsel agreed to have them imposed by incorporation, which *Rogers* allowed him to do. The performance prong fails on its face.

*Second*, the record forecloses any prejudice claim. Sullivan must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. He cannot. The district court asked if "there [was] any reason why I need to recite all the [standard] terms of supervised release." JA 220. This signaled both that the district court (1) knew its obligation under *Rogers* and (2) was willing to "recite" each discretionary condition had trial counsel objected to incorporation. *Rogers* would have been satisfied either way, and Sullivan does not offer how the standard conditions would be different had they simply been read individually. Thus, the prejudice prong also fails on its face.

Because the record does not conclusively show ineffective assistance (and instead shows completely effective assistance), Sullivan's ineffective assistance claim is not cognizable on direct appeal, and this Court should decline to address it.

## CONCLUSION

For those reasons, this Court should affirm.

Respectfully Submitted,

Erek L. Barron
United States Attorney

_____ /s/

Brandon K. Moore
Assistant United States Attorney

July 24, 2024

## STATEMENT ON ORAL ARGUMENT

The United States respectfully submits that oral argument is not necessary in this case. The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

## CERTIFICATE OF COMPLIANCE

1.     This brief has been prepared using Microsoft Word, Times New Roman, 14-point font.

2.     Excluding the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, this brief contains 5,960 words.

_____/s/_____
Brandon K. Moore
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that, on July 24, 2024, I electronically served a copy of this brief to

all counsel of record via CM/ECF.

_____/s/_____
Brandon K. Moore
Assistant United States Attorney
