NO. 23-4650

In The

# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**
*Plaintiff – Appellee,*

v.

**SAMUEL SULLIVAN, JR.,**
*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT GREENBELT

_____

**REPLY BRIEF OF APPELLANT**

_____

Vincent A. Jankoski
VINCENT A. JANKOSKI, ESQ.
14717 Harvest Lane
Silver Spring, MD 20905
(301) 312-3441

*Counsel for Appellant*

GibsonMoore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

                                                                                 **Page:**

TABLE OF AUTHORITIES ................................................................................ ii

REPLY BRIEF ............................................................................................ 1

SUMMARY OF ARGUMENT .................................................................... 1

ARGUMENT ................................................................................................ 2

     I.     MR. SULLIVAN'S APPEAL WAIVER DOES NOT PRECLUDE REVIEW OF HIS *ROGERS* CLAIM ............................ 2

     II.    THE DISTRICT COURT'S ATTEMPT AT INCORPORATION WAS INEFFECTIVE TO SATISFY THE REQUIREMENTS OF *ROGERS* ......................................................... 2

          A.     REVIEW IS *DE NOVO* ........................................................ 2

          B.     THE DISTRICT COURT FAILED TO FULFILL ITS OBLIGATION TO ORALLY PRONOUNCE ALL NON-MANDATORY CONDITIONS OF SUPERVISED RELEASE ........................................................ 3

     III.   TRIAL COUNSEL'S INEFFECTIVENESS IS CONCLUSIVELY DEMONSTRATED BY THE RECORD ............. 6

CONCLUSION ............................................................................................ 7

CERTIFICATE OF COMPLIANCE ........................................................... 8

# TABLE OF AUTHORITIES

Page(s):

**Cases:**

*McMellon v. United States*,
    387 F.3d 329 (4th Cir. 2004) ...................................................................................2

*Strickland v. Washington*,
    466 U.S. 668 (1984) ..................................................................................................6

*United States v. Buster*,
    26 F.4th 627 (4th Cir. 2022) .....................................................................................2

*United States v. Cisson*,
    33 F.4th 185 (4th Cir. 2022) .....................................................................................3

*United States v. Lassiter*,
    ___ F.4th ___ (2024),
    U.S. App. LEXIS 6257, No. 22-4147 (4th Cir. 2024) ..................................................6

*United States v. Mathis*,
    103 F.4th 193 (4th Cir. 2024) ...............................................................................5, 6

*United States v. Rogers*,
    961 F.3d 291 (4th Cir. 2020) ...........................................................................*passim*

*United States v. Singletary*,
    984 F.3d 341 (4th Cir. 2021) ....................................................................................2

*United States v. Smith*,
    Nos. 22-4508 and 22-4521, decided September 18, 2024....................1, 2, 3, 5

**Constitutional Provisions:**

U.S. Const. amend. VI ..................................................................................................1

**Rules:**

Fed. R. App. P. 35 .........................................................................................................6

# REPLY BRIEF

# SUMMARY OF ARGUMENT

1. Binding precedent permits review of the *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020) error notwithstanding the appeal waiver contained in Mr. Sullivan's plea agreement.

2. This Court's recent decision in *United States v. Smith*, Nos. 22-4508 and 22-4521, decided September 18, 2024 requires *de novo* of *Rogers* errors.

3. Because the district court failed to expressly adopt the non-mandatory conditions of supervised release contained in the presentence report, the district court's Standing Order, and the United States Sentencing Guidelines, there was no incorporation of these conditions into the orally announced sentence.

4. Binding precedent requires remand for plenary resentencing where there has been a *Rogers* error.

5. The record conclusively shows that, by acquiescing to the failure of the district court to orally pronounce the non-mandatory conditions of supervised release, trial counsel performed below the standard of competence required of counsel under the Sixth Amendment and that this deficient performance prejudiced Mr. Sullivan.

1

# ARGUMENT

## I. MR. SULLIVAN'S APPEAL WAIVER DOES NOT PRECLUDE REVIEW OF HIS *ROGERS* CLAIM.

The government concedes that binding precedent permits review of *Rogers* errors notwithstanding appellate waivers contained in plea agreements. *Response Brief of Appellee United States of America, pp. 10-11*. This is, indeed, true. *United States v. Singletary*, 984 F.3d 341, 344-345 (4th Cir. 2021). It is also true that one panel of this Court cannot overrule another. *United States v. Buster*, 26 F.4th 627, 639 (4th Cir. 2022), *citing McMellon v. United States*, 387 F.3d 329, 332 (4th Cir. 2004) (*en banc*). The government cites no authority or other reason why this rule should not be followed in this case.

## II. THE DISTRICT COURT'S ATTEMPT AT INCORPORATION WAS INEFFECTIVE TO SATISFY THE REQUIREMENTS OF *ROGERS*.

### A. REVIEW IS *DE NOVO*.

The government asserts that review of the *Rogers* error should only be for plain error. *Response Brief at pp. 11-12*. This argument is squarely foreclosed by applicable (and recent) precedent. *United States v. Smith*, Nos. 22-4508 and 22-4521, decided September 18, 2024 at pp. 37-39 (rejecting the government's plain error argument and reaffirming *de novo* review for *Rogers'* errors).

## B. THE DISTRICT COURT FAILED TO FULFILL ITS OBLIGATION TO ORALLY PRONOUNCE ALL NON-MANDATORY CONDITIONS OF SUPERVISED RELEASE.

On the merits, the government argues that the district court fulfilled its *Rogers'* obligations by incorporating the conditions of release set forth in the standing order of the District of Maryland, the United States Sentencing Guidelines, and the presentence report. *Response Brief, pp. 12-13*. This argument is also foreclosed by *Smith*. In *Smith,* the district court referenced the conditions of release noted in the presentence report, but did not expressly adopt them. *Smith at pp. 40-41*. The same is true here. The district judge referenced the conditions listed in the PSR, but did not expressly adopt them.[1] *JA220.*

Likewise, the non-mandatory conditions of release contained in the Sentencing Guidelines and the District Court's Standing Order were not expressly adopted. Until an express adoption of those conditions, they remain recommendations. *Smith at p. 41, citing United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) ("Unless and until a district court adopts a presentence report's

---

[1] The district court's entire purported "incorporation" was as follows:
THE COURT: In addition to the standard and statutory conditions of supervised release, I will impose -- which, first off, [defense counsel], is there any reason why I need to recite all the terms of supervised release, the standard and statutory ones?
[DEFENSE COUNSEL]: No, Your Honor.
*JA220.*

3

recommendations, those recommendations remain just that: nonbinding recommendations."). Unlike mandatory conditions, those conditions are not automatically part of any conditional release. As with the conditions of release set forth in the presentence report, conditions of release stated in the Standing Order and Sentencing Guidelines only become a part of the sentence once they are expressly adopted by the sentencing judge. That was not done here.

The government also states that the conditions of supervised release were "incorporated into the written judgment". *Response Brief at p. 13*. This argument misconstrues that to which the "incorporation" rule applies. "Incorporation" as understood in *Rogers* means "incorporation" into the oral pronouncement, not the written judgment. Indeed, "incorporation" into the written judgment without "incorporation" into the oral pronouncement precisely defines a *Rogers* error.

The government next asserts that there was no ambiguity. *Response Brief at p. 13*. Mr. Sullivan agrees, however, this only means that the written judgment clarifies nothing. The concept of clarification via written judgment only comes into play when there is ambiguity. There being no ambiguity here, the written judgment does not assist the government.

The government further asserts that the district court read aloud the "conditions". *Response Brief at pp. 15-17*. However, the district court only read

the "additional" conditions, not the "standard conditions". *JA220-221*. The district court failed to announce all non-mandatory conditions

The government next contends that there was no prejudice and that there was no serious effect on the fairness of the proceedings. *Response Brief at pp. 17-22.* The government notes that these are elements of plain error review, *Id., at p. 17,* but as noted above the contention that plain error review applies to *Rogers* errors was squarely rejected in *Smith. See Smith at pp. 37-39. Smith* clearly reaffirms that review of *Rogers* errors is *de novo*. Therefore, this portion of the government's argument is immaterial.

The government next argues that any error was harmless. *Response Brief at p. 22.* In support, the government cites footnote 6 in *United States v. Mathis*, 103 F.4th 193, 199, n.6 (4th Cir. 2024). However, *Rogers* errors are not susceptible to harmless error analysis, and footnote 6 in *Mathis* does not suggest otherwise. The cited footnote only tangentially suggests that no reversal may be required where a condition of release is rendered moot by a defendant's life sentence. It does not stand for the much broader proposition that *Rogers* errors are subject to harmless error analysis.

The government further suggests that the remedy for any *Rogers* error should be a limited remand to correct the *Rogers* error, not a plenary resentencing. *Response Brief, at pp. 22-24.* As authority for this proposition, the government

5

cites only its position set forth in its petition for rehearing *en banc* in *Mathis,* however, that petition was denied on July 26, 2024 with no judge requesting a poll pursuant to Fed. R. App. P. 35. Of course, the government acknowledges, as it must, that *Mathis* reaffirmed that plenary resentencing is the appropriate remedy for *Rogers'* errors. The law of this Circuit remains that plenary resentencing is the remedy for *Rogers'* errors unless requested otherwise by the defendant. *United States v. Lassiter*, ___ F.4th ___ (2024), U.S. App. LEXIS 6257, No. 22-4147 (4th Cir. 2024).

### III. TRIAL COUNSEL'S INEFFECTIVENESS IS CONCLUSIVELY DEMONSTRATED BY THE RECORD.

The government claims that Mr. Sullivan satisfies neither the deficient performance nor the prejudice prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). *Response Brief at p. 26*. To the contrary, both prongs are amply satisfied by the record.

As for the deficient performance prong, the state of the law at the time of Mr. Sullivan's sentencing was clear: a sentencing court must orally pronounce all non-mandatory conditions of release. Defense counsel failed to recognize the state of the law. *Rogers, supra.*

As for the prejudice prong, there was more than a reasonable probability that the result of the proceeding would have been different. Had trial counsel brought

to the court's attention the requirement of *Rogers*, the court would have complied and *Rogers* would have been satisfied.

## CONCLUSION

For the reasons set forth above as well as for the reasons set forth in the Brief of Appellant, Mr. Sullivan respectfully requests that his sentence be vacated and that this case be remanded to the district court for plenary resentencing.

/s/ Vincent A. Jankoski
Vincent A. Jankoski
VINCENT A. JANKOSKI, ESQ.
14717 Harvest Lane
Silver Spring, MD 20905
(301) 312-3441

*Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains 1,301 words.

2. This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Times New Roman.

September 23, 2024

/s/ Vincent A. Jankoski
Vincent A. Jankoski
VINCENT A. JANKOSKI, ESQ.
14717 Harvest Lane
Silver Spring, MD  20905
(301) 312-3441

*Counsel for Appellant*